**UNITED STATES of America,
Plaintiff,**

v.

**MICHAEL SCHIAVONE & SONS, INC.,
Defendant.**

**Civ. A. No. 62–515–M.**

United States District Court,
D. Massachusetts.
March 23, 1971.

Herbert F. Travers, U. S. Atty., James N. Gabriel, Asst. U. S. Atty., Boston, Mass., Elaine Crane, Atty., U. S. Dept. of Justice, Washington, D. C., for plaintiff.

Kevin M. Keating, Crane, Inker & Oteri, Boston, Mass., for defendant.

## MEMORANDUM

FRANK J. MURRAY, District Judge.

This case is here on remand from the Court of Appeals, United States v. Michael Schiavone & Sons, Inc., 430 F.2d 231 (1st Cir. 1970), for reassessment of the illegal rebate received by defendant from the Boston & Maine Railroad (Railroad) in violation of the Elkins Act, 49 U.S.C. § 41(3), when it purchased certain property from the Railroad for less than the fair market value. United States v. Michael Schiavone & Sons, Inc., 304 F.Supp. 773 (D.Mass. 1969), appeal dismissed, 396 U.S. 275, 90 S.Ct. 565, 24 L.Ed.2d 466 (1970).

Beginning with the finding of this court that the fair market value of the property sold by Railroad to defendant was not less than $700,000, the Court of Appeals ruled that

> a portion of Schiavone's payments under the lease do represent a very real cost of acquiring the property and that those payments should have been taken into account by the district court in determining the amount of any illegal rebate * * *

430 F.2d at 235. The Court of Appeals further ruled that

> [s]ince 76 of the 120 months of the lease were still remaining after the December 1960 sale, that same proportion of the $304,808.02 found by the district court to have been spent for capital improvements is properly charged to the period after the sale and is therefore a part of Schiavone's cost of purchasing this property.

430 F.2d at 235. Applying these rulings, there is, therefore, added to the purchase price of $479,000 an amount equivalent to 76/120ths of $304,808.02, namely, $193,045.08, giving the sum of $672,045.08. This represents the cost of the property to defendant, unless there is a caveat against the intendment of that result in the following language of the Court of Appeals:

> By adding this prepaid but unused portion to Schiavone's payment of the

purchase price, *we believe we come as close as possible to ascertaining the total cost* to Schiavone of purchasing this property in December 1960. *On remand, the district court should ascertain that total cost* before recomputing the amount of the illegal rebate under the Elkins Act.

430 F.2d at 235 (emphasis added).

Obviously, the Court of Appeals itself could have made the addition resulting in the sum of $672,045.08. Its omission to do so, taken in conjunction with the direction to this court to "ascertain that total cost", must be viewed as leaving the determination whether other factors, not considered in the Court of Appeals decision, should be considered here.

Defendant has argued there are no other factors which this court should consider. Plaintiff has urged only that the evidence of the amount spent for capital improvements was not $304,808.-02, but the lesser amount of $289,169.02. But the case was tried with no contention by plaintiff that the sum of $15,639 (said in plaintiff's brief in the Court of Appeals to be an expenditure "which apparently was not in fulfillment of its lease obligation", Brief for Plaintiff-Appellee, note 10 at 10) should be deducted from $304,808.02 in ascertaining defendant's payments under the lease, and this court rules it comes too late at this point to be considered.

The only other possible factor is the accounting method to be utilized in determining the cost of the payments for capital improvements. There are other accounting principles than straight-line amortization, which the Court of Appeals referred to as "normal accounting principles". But there was no evidence on that point offered at the trial, or on remand, and nothing appears as matter of judicial notice that any other method, given the mandate of amortization, should be applied by this court.

The court determines that the defendant's cost of acquiring the property in accordance with the Court of Appeals opinion is $672,045.08; that de-

ducting such cost from the fair market value of $700,000 leaves a remainder of $27,954.92, which represents the unlawful rebate under the Elkins Act; that plaintiff is therefore entitled to recover as damages three times the rebate, or $83,864.76. Judgment for the plaintiff shall enter in that amount.