UNITED STATES of America,
Appellant,

v.

MICHAEL SCHIAVONE & SONS, INC.,
Appellee.

No. 71–1194.

United States Court of Appeals,
First District.

Argued Sept. 8, 1971.

Decided Oct. 1, 1971.

Leonard Schaitman, Atty., Dept. of Justice, with whom Morton Hollander, Atty., Dept. of Justice, Herbert F. Travers, Jr., U. S. Atty. and L. Patrick Gray, III, Asst. Attys. Gen., were on brief, for appellant.

Kevin M. Keating, Boston, Mass., with whom Joseph S. Oteri and Crane, Inker & Oteri, Boston, Mass., were on brief, for appellee.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

When this case was remanded to the district court, United States v. Michael Schiavone & Sons, Inc., 430 F.2d 231 (1st Cir. 1970), it was a new ball game with new ground rules. The district court's ruling on remand that it was too late to go into the dollar amount of the defendant's gross cost was erroneous—an error for which we take some responsibility because of a reasonable, though unintended, interpretation of language in our opinion. The fact is that the expenditure for the office building was not an obligation under the lease. Under our prior ruling, therefore, it was not appropriately included in computing the total purchase price and the amount of the illegal rebate. The judgment entered below, 325 F.Supp. 48, must be modified accordingly.

Further questions have arisen as to whether the court's judgment should carry interest and, if so, whether from the date of the original judgment or that of the judgment as finally modified. 28 U.S.C. § 1961 is clear in providing that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." In arguing that an Elkins award is in reality a "penalty or forfeiture" and therefore should not bear interest, appellee has failed to distinguish between (1) the accrual of interest from the date of final judgment to the date of actual payment and (2) prejudgment interest which may under appropriate circumstances be assessed as an item of damages to compensate more adequately for a proven wrong. Moore-McCormack Lines, Inc. v. Amirault et al., 202 F.2d 893, 895 (1st Cir. 1953); United States v. United Drill & Tool Corp., 87 U.S.App.D.C. 236, 183 F.2d 998 (1950). A claim of interest on a statutory penalty for the period prior to judgment, in the absence of specific statutory authorization or persuasive showing of congressional intent, falls outside the latter rationale and under the general rule proscribing interest on penalties. Rodgers v. United States, 332 U.S. 371, 373, 68 S.Ct. 5, 92 L.Ed. 3 (1947), and cases cited therein. But a penalty reduced to judgment is not a penalty simpliciter. Regardless of whether the judgment itself contains a specific award of interest, once final judgment has been entered in a civil suit in a federal court the prevailing party becomes a judgment creditor and is entitled to post-judgment interest under the mandatory terms of 28 U.S.C. § 1961. See, e. g., United States v. West Texas Cottonoil Co., 155 F.2d 463 (5th Cir. 1946). Since it is settled law that subsequent action by this court in reducing a judgment does not prevent interest from attaching upon the reduced amount

from the date of the original judgment (*see, e. g.,* Swartzbaugh Manufacturing Co. v. United States, 289 F.2d 81, 85 (6th Cir. 1961), and cases cited therein), interest should run from June 30, 1969, the date of the district court's original judgment, 304 F.Supp. 773.

The case is remanded to the District Court with directions to enter judgment for plaintiff in the amount of $113,578.86, with interest to run from June 30, 1969.