**John G. MARSHALL, et al.,**
**Plaintiffs, Appellees,**

v.

**Jose E. PEREZ–ARZUAGA, et al.,**
**Defendants, Appellees.**

**Appeal of AVIS RENT–A–CAR of PUERTO RICO, INC., Defendant.**

**No. 88–1631.**

United States Court of Appeals,
First Circuit.

Heard Nov. 2, 1988.

Decided Feb. 2, 1989.

Keith A. Graffam with whom Charles A. Cordero and Cordero, Miranda & Pinto, Old San Juan, P.R., were on brief, for defendant.

Richard Schell IV with whom Herbert W. Brown III and Calvesbert & Brown, San Juan, P.R., were on brief, for plaintiffs, appellees.

Before COFFIN and TORRUELLA, Circuit Judges, and WISDOM,* Senior Circuit Judge.

WISDOM, Senior Circuit Judge:

This appeal, the second in this case, involves the issue whether, under 28 U.S.C. § 1961, post-judgment interest began to accrue on the day the district court's original judgment on the jury verdict was entered or on the day the district court denied the defendant's motion for a judgment N.O.V. or for a new trial. We conclude that post-judgment interest began to accrue upon the entry of the district court's original judgment.

On July 2, 1985 a jury returned a verdict in favor of the plaintiffs against Jose E. Perez Arzuaga and Avis Rent–A–Car of Puerto Rico, Inc. in the amount of $750,-000. The jury found defendant Arzuaga 60 percent negligent and defendant Avis 40 percent negligent. The clerk entered the judgment on July 5, 1985. A week after judgment was entered Avis filed a motion for a judgment N.O.V. or for a new trial. The district court denied this motion on November 15, 1985. Avis then appealed the district court's judgment. On September 1, 1987 this Court affirmed the district court's judgment. *Marshall v. Perez Arzuaga.*[1] The district court granted a stay from execution of judgment pending the outcome of Avis's petition for a writ of certiorari to the Supreme Court, and Avis posted a supplemental supercedeas bond to cover the interest that would accrue during the pendency of the petition. On February 22, 1988 the petition for a writ of certiorari was denied and on March 2, 1988 Avis paid the judgment plus accrued interest from July 5, 1985. The district court denied Avis's motion for a partial refund, rejecting Avis's argument that post-judgment interest did not begin to run until the district court denied Avis's motion for a judgment N.O.V.

In support of its argument, Avis relies primarily on a recent decision of this Court, *Explosives Corp. v. Garlam Enterprises Corp.*[2] Some language in that opinion, when taken out of context, favors Avis's position, but we conclude that our holding in that case is not controlling here.

A plaintiff who successfully obtains a money judgment is entitled statutorily to post-judgment interest. 28 U.S.C. § 1961 provides:

Interest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest *shall be calculated from the entry of the judgment ....*

28 U.S.C.A. § 1961(a) (Supp.1988) (emphasis added).

We have on several occasions interpreted this section in accordance with its straight-forward language and awarded post-judgment interest from the entry date of a district court's final judgment. *See, e.g., Burke v. Guiney,* 700 F.2d 767, 773 (1st Cir.1983); *Salter v. Guaranty Trust Co. of Waltham,* 237 F.2d 446 (1st Cir.1956). In *United States v. Schiavone & Sons, Inc.,*[3] this Court held that when the amount of the judgment is reduced on appeal interest runs from the date the district court's original judgment was entered.

Our inquiry in this case concerns whether "entry of judgment" in section 1961(a) should be construed to mean the initial entry of the district court's judgment on the jury verdict or the entry of the court's judgment on the defendant's motion for a judgment N.O.V. *Explosives Corp. v. Garlam Enterprises Corp.,* involved a nonjury trial in which there was both a counterclaim and a third-party complaint. We concluded, on the facts of that case, it would be inappropriate to allow post-judgment interest to run before a final, appealable judgment was entered in the district court.

* Of the Fifth Circuit, sitting by designation.

1. 828 F.2d 845 (1st Cir.1987).

2. 817 F.2d 894 (1st Cir.1987).

3. 450 F.2d 875, 876–77 (1st Cir.1971).

We are mindful that pending post-judgment motions delayed appealability in that case. Our ruling on post-judgment interest was necessitated by our earlier dismissal of one party's appeal because that party had not obtained a Fed.R.Civ.P. 54(b) determination that the court's judgment with respect to it was final. No Rule 54(b) determination having been made, the clerk could not enter a final judgment and the appeal was, therefore, premature. We noted specifically that our ruling regarding post-judgment interest might have been different had a Rule 54(b) determination been made or requested.

■ In this case, a jury returned a verdict for the plaintiffs and the clerk entered the court's judgment on the verdict three days later. Avis's post-judgment motion for a judgment N.O.V., filed a week after the verdict, was denied about four months later. The judgment of the district court was affirmed on appeal and the Supreme Court denied Avis's petition for a writ of certiorari. This case is unlike those in which post-trial proceedings reveal the instability of the plaintiffs' initial success,[4] thereby justifying a later date for accrual of post-judgment interest to commence. Neither the plain meaning of section 1961(a) read together with Fed.R.Civ.P. 58 regarding entry of judgment, nor an equitable construction of section 1961(a) supports denying the plaintiffs in this case post-judgment interest for the four-month period between the date judgment on the verdict was entered and the date the district court denied Avis's motion for judgment N.O.V.

■ Applying the plain meaning of section 1961(a), the Court of Appeals for the Seventh Circuit in *Ohio–Sealy Mattress Mfg. Co. v. Sealy, Inc.,*[5] concluded that motions for judgment N.O.V. or for a new trial do not delay the entry of judgment for purposes of accruing post-judgment interest. The Court noted that by its terms section 1961(a) does not require that a judgment be final for all purposes. We agree with the *Ohio–Sealy* Court that there is a difference between cases in which, because of the lack of a Rule 54(b) determination, the clerk is without authority to enter judgment and cases in which judgment is entered "forthwith" by the clerk, in accordance with Fed.R.Civ.P. 58, upon a jury verdict without awaiting direction by the court.[6] The import of section 1961, when coupled with Rule 58, is clear: interest runs from the date judgment is entered.

■ There is additional statutory support for concluding that a post-judgment motion for a judgment N.O.V. does not delay the commencement of post-judgment interest. Such motions do not affect the timing of the clerk's entry of judgment, the triggering mechanism for post-judgment interest. Federal Rules of Civil Procedure 50(b) and 59(b) define the time period for filing of such motions as being not later than ten days *after entry of the judgment.*[7] Only when the court, in its discretion under Rule 58, orders that judgment

---

4. *See, e.g., Affiliated Capital Corp. v. City of Houston,* 793 F.2d 706 (5th Cir.1986) (The court applied Fed.R.App.P. 37, which gives appellate courts discretion in allowing post-judgment interest when a judgment is modified or reversed. The court concluded that it was equitable to award post-judgment interest from the date of that court's mandate issued after the Supreme Court denied certiorari in the case. The court reasoned that the conflicting rulings at various stages of the proceedings demonstrated that the plaintiffs' victory had been far from clear cut.) *Id.* at 711–12.

5. 585 F.2d 821, 845 (7th Cir.1978); *cert. denied,* 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1979).

6. Fed.R.Civ.P. 58 provides in pertinent part: Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court ... the clerk, *unless the court otherwise orders, shall forthwith* prepare, sign, and *enter the judgment without awaiting any direction by the court* .... A judgment is effective only when set forth and when entered as provided in Rule 79(a). Entry of judgment shall not be delayed for the taxing of costs.

7. The advisory committee notes to Rule 58 also suggest that entry of judgment starts the time period for taking an appeal and for filing post-judgment motions. *See generally* Fed.R.Civ.P. 58 advisory committee notes; Comment, *Post-Judgment Interest in Federal Courts,* 37 Emory L.J. 495, 499 (1988).

not be entered because of a pending motion does such a motion delay the clerk's entry.[8] In this case the clerk promptly entered the judgment on the jury's verdict. The district court did not order a delay in the entry of the judgment and none was warranted: the amount of damages was fixed and Avis's motion for a judgment N.O.V. was not filed until a week *after* judgment was entered. Moreover, we agree with the Court in *Ohio–Sealy* that Fed.R.Civ.P. 62 allows the district court to protect a defendant from any prejudice that could arise from awarding post-judgment interest from the date judgment is entered.[9] Rule 62 gives the district court discretion to stay the execution of a judgment while, for example, a motion for judgment N.O.V. is pending. If the motion is successful no interest is paid, but if the motion is denied the plaintiff receives interest from the entry of the judgment as mandated by section 1961(a).

In addition to the plain meaning of section 1961 and Rule 58, equitable considerations support the accrual of interest from the judgment entry date rather than from the motion denial date. Post-judgment interest compensates the plaintiff for his inability to use money from the time it is determined to be owed to him in a court proceeding until it is paid.[10] A majority of decisions construing section 1961 support commencing the accrual of post-judgment interest from the entry of the judgment notwithstanding pending post-judgment motions. For example, when a decision is affirmed on appeal, courts usually award interest from the date of the original judgment rather than from the entry of the appellate court's judgment.[11] We agree with the Court in *Mathis v. Spears* that applying section 1961 in such a manner properly "deters use of the appellate process by the judgment debtor solely as a means of prolonging its free use of money owed the judgment creditor".[12]

The same reasoning supports accruing post-judgment interest from entry of a judgment on a verdict rather than from the date a motion for a judgment N.O.V. is denied. When such motions are unsuccessful, equity strongly favors awarding the plaintiff post-judgment interest during the pendency of the motions because the defendant, a judgment debtor, had possession and control of the funds during that period.[13] As we stated earlier, the defendant can be protected from prejudice by an order of the court directing that entry of judgment be delayed while post-judgment motions are resolved or by an order staying the execution of the judgment. Although we are mindful of some conflicting decisions,[14] our conclusion is in conformity with a majority of the decisions addressing this issue.[15]

---

**8.** *See* 6A Moore's Federal Practice ¶ 58.04[2] at 58–36–58–37. The commentator states that prompt entry of judgment notwithstanding a pending motion for a judgment N.O.V. and/or new trial is supported "by the plain terms of Rule 58, by the policy underlying the prompt entry of judgment, ... and by judicial authority". *Id.* at 58–37–58–38.

**9.** 585 F.2d at 846–47. *See also* Comment, *Interest on Judgments in the Federal Courts,* 64 Yale L.J. 1019, 1036–37 (1955).

**10.** *See Poleto v. Consolidated Rail Corp.,* 826 F.2d 1270, 1280 (3rd Cir.1987).

**11.** *See, e.g., Bailey v. Chattem, Inc.,* 838 F.2d 149 (6th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 2831, 100 L.Ed.2d 931 (1988); *Brooks v. United States,* 757 F.2d 734 (5th Cir.1985); *Copper Liquor, Inc. v. Adolph Coors Co.,* 701 F.2d 542 (5th Cir.1983). *Cf. United States v. Schiavone,* 450 F.2d 875 (1st Cir.1971) (Interest was awarded from date of district court's original judgment although Court of Appeals for the First Circuit reduced amount of damages and remanded case to district court.).

**12.** 857 F.2d 749, 760 (Fed.Cir.1988).

**13.** *See, e.g., Brooks v. United States,* 757 F.2d 734, 741 n. 8 (5th Cir.1985); *Cunningham by Cunningham v. Quaker Oats Co., Fisher–Price Division,* 639 F.Supp. 234, 243 (W.D.N.Y.1986).

**14.** *See, e.g., Murphy v. Lehigh Valley R. Co.,* 158 F.2d 481, 485 (2d Cir.1946); *Christian v. Southern Railway Co.,* 151 F.Supp. 192 (E.D.S.C.1957).

**15.** *See, e.g., Hangards, Inc. v. Ethicon, Inc.,* 552 F.Supp. 820 (N.D.Cal.1982), *aff'd,* 743 F.2d 1282 (9th Cir.1984), *cert. denied,* 469 U.S. 1190, 105 S.Ct. 963, 83 L.Ed.2d 968 (1985); *Louisiana & Arkansas Ry. Co. v. Pratt,* 142 F.2d 847, 848–49 (5th Cir.1944); *Litwinowicz v. Weyerhaeuser Steamship Co.,* 185 F.Supp. 692 (E.D.Pa.1960). *See also* 6A Moore's Federal Practice ¶ 58.04[2] at 58–124–26 (1974). *See generally Turner v. Japan Lines, LTD.,* 702 F.2d 752 (9th Cir.1983).

The defendant's appeal is not frivolous or vexatious. We therefore deny the plaintiff's request for damages and double costs under Fed.R.App.P. 38.

We AFFIRM the district court's award of post-judgment interest from July 5, 1985, the date of entry of the original judgment on the jury verdict.