**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 21 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARIA F. RAMIREZ,

      Plaintiff-Appellee,

vs.

IBP, INC.,

      Defendant-Appellant.

No. 97-3111
(D.C. No. 94-4101-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON** and **KELLY,** Circuit Judges and **BRETT**, District Judge.[**]

---

In this retaliatory discharge case, defendant-appellant IBP, Inc. (IBP) appeals from a judgment on a jury verdict awarding $82,500 in compensatory damages and $175,000 in punitive damages to plaintiff-appellee Maria Ramirez.[1] IBP seeks reversal and entry of judgment as a matter of law or, alternatively, a new trial, arguing that Ms. Ramirez failed

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Thomas R. Brett, United States Senior District Judge for the Northern District of Oklahoma, sitting by designation.

[1]The trial judge sitting alone as provided by Kan. Stat. Ann. § 60-3702 held an evidentiary hearing and entered the punitive damage award following the jury's finding of wilful, wanton and malicious conduct and award of compensatory damages.

to present sufficient evidence to support the verdict and punitive damage award and that the district court abused its discretion in allowing plaintiff's counsel to improperly question witnesses. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the hotly disputed facts of this case, we present them summarily. Ms. Ramirez worked for IBP at its Emporia, Kansas meat packing plant from 1990 to 1992, when she was fired for allegedly violating IBP's unexcused absence policy. Ms. Ramirez asserts that she sustained several work-related injuries during the course of her employment which caused her absence from work. She further asserts those absences were improperly assessed against her as non-work- related absences for purposes of IBP's attendance policy, and that Rodger Brownrigg, the Emporia plant manager, conditioned her continuing employment at IPB upon her immediate return to work after requesting medical care for those injuries. Conversely, IBP argues that Ms. Ramirez was properly terminated pursuant to IBP's absence policy, asserting that none of her absences were caused by work-related injuries but were caused instead by other non-work-related illnesses.

This court reviews the district court's denial of IBP's motion for judgment as a matter of law made at the close of plaintiff's case and IBP's renewed motion made at the close of all the evidence de novo. See Fed. R. Civ. P. 50(a) & (b); Patton v. TIC United Corp., 77 F.3d 1235, 1240 (10th Cir.), cert. denied, 116 S. Ct. 252 (1996). In this diversity action, we examine the evidence presented at trial through the prism of the

2

burden of proof required to sustain a verdict as established by the controlling state law. Cf. Rajala v. Allied Corp., 919 F.2d 610, 615 (10th Cir. 1990), cert. denied, 500 U.S. 905 (1991). Under Kansas law, a plaintiff must establish a retaliatory discharge claim by a preponderance of the evidence, but that evidence must be clear and convincing in nature. See Ortega v. IBP, Inc., 874 P.2d 1188, 1198 (Kan. 1994). The term of art "clear and convincing" relates to the quality, not quantity of proof, and this standard is met if the evidence is certain, unambiguous, plain to understand, and reasonable and persuasive enough to cause the trier of fact to believe it. See id. Only if, viewing the evidence through this prism, "the evidence points but one way and is susceptible to no reasonable inferences" supporting the non-moving party, may the court grant the motion. Ensminger v. Terminix Int'l Co., 102 F.3d 1571, 1573 (10th Cir. 1996).

First, IBP argues that Ms. Ramirez presented insufficient evidence that IBP retaliated against her "based on, because of, motivated by, or due to" her work-related injuries. See Ali v. Douglas Cable Comm., 929 F. Supp. 1362, 1387 (D. Kan. 1996) (quotation marks omitted) (quoting Brown v. United Methodist Homes for the Aged, 815 P.2d 72 (Kan. 1991)). However, the record reflects, and a reasonable jury could have concluded, that (1) Ms. Ramirez sustained work-related injuries prior to June 17, 1992, (2) IBP personnel recorded her work-related absences as non-occupational illnesses, (3) she was humiliated and harassed by IBP supervisors after her injuries, and (4) Mr. Brownrigg conditioned the retention of her position at IBP on her immediate return to

3

work after visiting a doctor for a work related injury. Moreover, contrary to IBP's assertions, Ms. Ramirez elicited ample circumstantial evidence from other witnesses to support her claim that IBP fired her because she sustained a work-related injury. See III Aplt. App. at 631-32 (IBP supervisors instructed not to give employees time off for work-related injuries); id. at 634-35 (IBP supervisor evaluations based partly on cost to company for work-related injuries); id. at 656-57; IV Aplt. App. at 920 (picking belts where injured workers were commonly assigned were referred to as "firing belts" by other employees); III Aplt. App. at 781 (admission by Mr. Brownrigg of knowledge of Ms. Ramirez's previous work-related injuries and of her assertion at June termination meeting that her absences were due to work-related injuries); IV Aplt. App. at 1022-23 (worker's compensation case worker present at June termination meeting).

IBP's argument that Ms. Ramirez did not present clear and convincing evidence of the causal link between her work-related injuries and termination simply amounts to an assertion that Ms. Ramirez's testimony was not credible, an assessment which we cannot make in determining whether IBP was entitled to judgment as a matter of law. See Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1546 (10th Cir.), cert. denied, 117 S. Ct. 297 (1996). In short, considering all the evidence and the reasonable inferences which may be made from it in Ms. Ramirez's favor, a reasonable jury could have concluded Ms. Ramirez proved by a preponderance of clear and convincing evidence that IBP terminated her because she sustained work-related injuries.

IBP's related argument that Ms. Ramirez failed to present sufficient evidence to support an award of punitive damages similarly fails. Ms. Ramirez's version of events regarding the June termination meeting with Mr. Brownrigg combined with the circumstantial evidence she presented amply provided clear and convincing evidence from which a jury could find IBP acted wilfully, wantonly and maliciously in terminating her. See II Aplt. App. at 612-13.

Second, IBP argues the district court improperly denied its motion for a new trial because the jury's verdict and damage award was contrary to the great weight of the evidence. We review the district court's denial of IBP's motion for new trial for abuse of the trial court's broad discretion. See Patton, 77 F.3d at 1240. We find no abuse here. Viewing the record in the light most favorable to Ms. Ramirez, the district court determined that Ms. Ramirez impeached several defense witnesses on the facts surrounding the June termination meeting, while her own testimony was amply corroborated by circumstantial evidence and was not seriously impeached. See II Aplt. App. at 598-603. Because we do not believe the district court "made a clear error of judgment or exceeded the bounds of permissible choice," Pandit v. American Honda Motor Co., 82 F.3d 376, 379 (10th Cir. 1996), we will not disturb its denial of IBP's motion on this ground.

IBP finally argues that the cumulative effect of allowing into evidence improper and irrelevant information regarding IBP's alleged pattern and practice of retaliation

against injured workers prejudiced IBP's substantial rights and entitles it to a new trial. We review the district court's denial of IBP's motion for new trial, as well as the court's evidentiary rulings, under an abuse of discretion standard. See Unit Drilling Co. v. Enron Oil & Gas Co., 108 F.3d 1186, 1194 (10th Cir. 1997); Cartier v. Jackson, 59 F.3d 1046, 1048 (10th Cir. 1995). If there is error in the admission or exclusion of evidence, we will set aside a jury verdict only if the error prejudicially affects a substantial right of a party. See Hinds v. General Motors Corp., 988 F.2d 1039, 1049 (10th Cir. 1993). We may only find a jury prejudiced by evidence "if it can be reasonably concluded that with or without such evidence, there would have been a contrary result." See id. (citing Smith v. Atlantic Richfield Co., 814 F.2d 1481 (10th Cir. 1987)).

From the briefs, it appears IBP's main argument is that the form of questioning used by Ms. Ramirez's counsel, which allowed him to "testify" before the jury, cumulatively influenced the jury, not that the individual evidentiary rulings were prejudicial. See Aplt. Brief at 36-37, 41; Repl. Brief at 19-23. Additionally, IBP seems to argue that evidence of IBP's policies and practices related to lowering the costs of work-related injuries is inadmissible as a matter of law. See Aplt. Brief at 37-38. A thorough review of the record indicates IBP would not be entitled to a new trial under any of these theories.

Initially, we note that IBP's reliance on unpublished district court dispositions to support the exclusion, as a matter of law, of evidence of IBP's policies and practices

related to lowering the costs of work-related injuries is misplaced.  We are not bound by unpublished district court dispositions, see Abeyta ex rel. Martinez v. Chama Valley Indep. Sch. Dist. No. 19, 77 F.3d 1253, 1257 (10th Cir. 1996), and in any event, none of the unpublished dispositions cited by IBP support that broad proposition.

As to the prejudicial effect of the district court's rulings, we note that IBP failed to object at trial to much of what is now complained of as prejudicial, which restricts our review of those rulings to plain error.  See Denison v. Swaco Geolograph Co., 941 F.2d 1416, 1422 (10th Cir. 1991); III Aplt. App. at 626, 628-29, 631-32, 635, 649, 664-65, 668-70, 789, 822-25.  Also, many of the questions to which IBP objected at trial and now challenge as prejudicial on appeal were sustained by the trial court, which "certainly detracts from a conclusion of prejudice."  United States v. Preston, 634 F.2d 1285, 1293-94 (10th Cir. 1980), cert. denied, 455 U.S. 1002 (1982); see III Aplt. App. at 635, 640, 650, 656-57; IV Aplt. App. at 911-917.   Further, the trial court instructed the jury several times to disregard any questions by counsel not answered in the affirmative by the witness because they are not evidence, an instruction we presume the jury followed.  See Gardner ex. rel. Gardner v. Chrysler Corp., 89 F.3d 729, 737 (10th Cir. 1996); III Aplt. App. at 627, 629-30, 815-16, 820, 911-17.  Finally, as the district court noted, whether admitted over objection or not, IBP amply responded through cross-examination and rebuttal testimony.  See II Aplt. App. at 604-610.  Thus, IBP has not established that the evidentiary rulings complained of were individually or cumulatively an abuse of

discretion or plain error, and on this record we cannot say that the jury was prejudiced by them.  Since there was no error prejudicially affecting IBP's rights, it follows that the district court did not abuse its discretion in denying IBP's motion for new trial on this ground.

AFFIRMED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge