Maria F. **RAMIREZ**, Plaintiff,

v.

**IBP, INC.**, Defendant.

No. 94–4101–SAC.

United States District Court,
D. Kansas.

July 29, 1998.

David W. Hauber, Boddington & Brown, Chtd., Kansas City, KS, David O. Alegria, McCullough, Wareheim & LaBunker, P.A., Topeka, KS, for Maria F. Ramirez, plaintiff.

David C. Trowbridge, Blackwell Sanders Peper Martin LLP, Kansas City, MO, James D. Griffin, Jeffrey D. Hanslick, Blackwell ·

**780**

Sanders Peper Martin LLP, Overland Park, KS, for IBP Inc., defendant.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

This retaliatory discharge case comes before the court on the parties' joint motion to resolve dispute concerning post-judgment interest. (Dk.148). After a three-day trial, the jury returned its verdict on April 5, 1996, awarding the plaintiff $53,648 in lost wages and/or benefits and $28,477 in compensatory damages. The jury also found that IBP had acted in a willful, wanton or malicious manner in terminating the plaintiff in retaliation.

On the implied agreement of the parties, the calculation of punitive damages was reserved for the court in an separate proceeding as provided at K.S.A. 60–3702. After giving the parties sufficient time to negotiate a possible settlement, to conduct limited discovery and to submit briefs, the court conducted a punitive damages evidentiary hearing on September 23 and 24, 1996, pursuant to K.S.A. 60–3702. The parties submitted their proposed findings of fact and conclusions of law on October 25, 1996. The court heard the parties closing arguments on November 12, 1996. The court on December 11, 1996, awarded $175,000 in punitive damages to the plaintiff and directed the clerk of the court to enter judgment accordingly. *Ramirez v. IBP, Inc.,* 950 F.Supp. 1074, 1080 (D.Kan.1996). The clerk entered judgment on December 11, 1996. (Dk.125).

When the defendant's motion for new trial became ripe for decision, the court denied it on March 27, 1997. (Dk.130), 1997 WL 161950. On the same day, the clerk entered a judgment which reflected this ruling. (Dk.131). The defendant filed its notice of appeal on April 23, 1997. The Tenth Circuit filed its order and judgment on May 21, 1998, affirming the verdict, orders, and judgments entered in the case. (Dk.145); 145 F.3d 1346, 1998 WL 257161.

The pending joint motion concerns the parties' dispute over the commencement date for calculating post-judgment interest pursuant to 28 U.S.C. § 1961. The defendant contends the interest is calculated from March 27, 1997, or when the clerk entered judgment on the court's order denying the defendant's motion for new trial. The defendant has paid the plaintiff $277,480.94, which includes post-judgment interest in the amount of $20,355.94, as calculated in accordance with the defendant's position on the commencement date. The plaintiff contends the interest should be calculated from April 15, 1996, or when the jury returned its verdict awarding the plaintiff lost wages and compensatory damages.

The parties submit their joint motion without any accompanying memoranda which explain or support their respective positions. The parties observe that neither the Tenth Circuit nor the district court have furnished any guidance on this issue.[1] As for relief, the parties request the following:

> **WHEREFORE,** the parties seek a declaration from the Court concerning the appropriate manner in which to calculate post-judgment interest in this lawsuit. Further, the parties respectfully request that the court establish a briefing schedule and set a hearing date.

(Dk.148, p. 2). If this matter truly deserved the parties' presentation of research and argument, the same should have been submitted with their joint motion. The defendant recently filed a memorandum on July 28, 1998, in support of its position. (Dk.149). The court's research convinces it that the law is well settled and that there is no need to delay ruling on this straightforward issue.

■ The court first addresses whether interest can run from the date of the verdict. The Supreme Court of the United States recently decided this very question in *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990). The applicable statute, 28 U.S.C. § 1961(a), provides:

> Interest shall be allowed on any money judgment in a civil case recovered in a

1. This is because the parties have never before presented any issue on post-judgment interest to

the district court or the Tenth Circuit.

district court.... Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent ... of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment.

In *Kaiser Aluminum*, the Court interpreted § 1961 as follows:

"By linking all post-judgment activity to the entry of a judgment, the courts have been provided a uniform time from which to determine post-judgment issues." Comment, *Post–Judgment Interest in Federal Courts*, 37 Emory L.J. 495, 499 (1988). Both the original and the amended versions of § 1961 refer specifically to the "date of judgment," which indicates a date certain. Neither alludes to the date of the verdict and there is no legislative history that indicates congressional intent that interest run from the date of verdict rather than the date of judgment. Even though denial of interest from verdict to judgment may result in the plaintiff bearing the burden of the loss of the use of the money from verdict to judgment, the allocation of the costs accruing from litigation is a matter for the legislature, not the courts. (citation omitted). In light of the plain language and the absence of legislative intent to the contrary, we conclude that post-judgment interest properly runs from the date of the entry of judgment.

494 U.S. at 835, 110 S.Ct. 1570. In short, the Supreme Court specifically rejected the proposition that courts could rely on the policy underlying § 1961(a), compensating the plaintiff "for the loss of the use of the money," to allow interest from the date of the verdict. *Kaiser Aluminum*, 494 U.S. at 835, 110 S.Ct. 1570. Accordingly, the plaintiff is without any legal basis for asserting that post-judgment interest should commence from the date of the jury's verdict. *See Wilson v. Union Pacific R. Co.*, 56 F.3d 1226, 1233 (10th Cir.1995) (post-judgment interest does not commence until judgment settling the amount of damages, not just liability, is entered); *MidAmerica Federal Sav. & Loan v. Shearson/American Exp.,*

*Inc.*, 962 F.2d 1470, 1476–77 (10th Cir.1992) (post-judgment interest on an attorney's fees award does not begin accruing until the amount of attorney's fees is "meaningfully ascertained and included in a final, appealable judgment").

The court next addresses whether post-judgment interest runs from the date of the final judgment on liability and damages entered on December 11, 1996, or from the date of the judgment entered on March 27, 1997, upon the court's denial of the defendant's motion for new trial. Again, the law seems well-settled that post-judgment interest begins accruing upon entry of the judgment that settles liability and damages and is not delayed until the clerk enters a subsequent judgment based upon the court's denial of the pending motion for new trial.

In *Marshall v. Perez–Arzuaga*, 866 F.2d 521, 523–524 (1st Cir.1989), the court held that "entry of judgment" in § 1961(a) means the initial entry of the district court's judgment on the jury verdict as opposed to the later entry of the court's judgment on the defendant's motion for a judgment notwithstanding the verdict. The First Circuit offered several sound reasons for this construction of § 1961(a):

Neither the plain meaning of § 1961(a) read together with Fed.R.Civ.P. 58 regarding entry of judgment, nor an equitable construction of § 1961(a) supports denying the plaintiffs in this case post-judgment interest for the four-month period between the date judgment on the verdict was entered and the date the district court denied Avis's motion for judgment N.O.V.

Applying the plain meaning of § 1961(a), the Court of Appeals for the Seventh Circuit in *Ohio–Sealy Mattress Mfg. Co. v. Sealy, Inc.*, [585 F.2d 821, 845 (7th Cir. 1978), *cert. denied*, 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1979) ] [footnote omitted], concluded that motions for judgment N.O.V. or for a new trial do not delay the entry of judgment for purposes of accruing post-judgment interest. The Court noted that by its terms § 1961(a) does not require that a judgment be final for all purposes.... The import of § 1961, cou-

pled with Rule 58, is clear: interest runs from the date judgment is entered.

There is additional statutory support for concluding that a post-judgment motion for a judgment N.O.V. does not delay the commencement of post-judgment interest. Such motions do not affect the timing of the clerk's entry of judgment, the triggering mechanism for post-judgment interest. Federal Rules of Civil Procedure 50(b) and 59(b) define the time period for filing of such motions as being not later than ten days *after entry of the judgment.* [footnote omitted]. Only when the court, in its discretion under Rule 58, orders that judgment not be entered because of a pending motion does such a motion delay the clerk's entry. [footnote omitted]. . . .

In addition to the plain meaning of § 1961 and Rule 58, equitable considerations support the accrual of interest from the judgment entry date rather than from the motion denial date. Post-judgment interest compensates the plaintiff for his inability to use money from the time it is determined to be owed to him in a court proceeding until it is paid. [footnote omitted]. A majority of decisions construing § 1961 support commencing the accrual of post-judgment interest from the entry of the judgment notwithstanding pending post-judgment motions . . . .

. . . . When such motions are unsuccessful, equity strongly favors awarding the plaintiff post-judgment interest during the pendency of the motions because the defendant, a judgment debtor, had possession and control of the funds during that period. [footnote omitted]. As we stated earlier, the defendant can be protected from prejudice by an order of the court directing that entry of judgment be delayed while post-judgment motions are resolved or by an order staying the execution of the judgment. Although we are mindful of some conflicting decisions, our conclusion is in conformity with a majority of the decisions addressing this issue. [footnotes omitted].

866 F.2d at 523–24.

The sound reasoning in *Marshall* is persuasive. The holding in *Marshall* is consis-

tent with *Kaiser Aluminum* in that a judgment contemplated by § 1961 is one in which damages have been "ascertained in any meaningful way." 494 U.S. at 836, 110 S.Ct. 1570. Moreover, this is the approach plainly taken by most courts. *See In re Lower Lake Erie Iron Ore Antitrust Litigation,* 998 F.2d 1144, 1177–78 (3rd Cir.1993) (post-judgment interest runs from court ordered judgment on jury's verdict and not from later final judgment entered after post-trial motions) ("The statute [28 U.S.C. § 1961] does not, by its terms, mandate that the judgment from which interest is calculated must be a final judgment." "Our view is consistent with the statute's philosophy of providing compensation from a point at which the loss-causing defendant's liability is entered on record."), *cert. denied,* 510 U.S. 1091, 114 S.Ct. 921, 127 L.Ed.2d 215 (1994); *see, e.g., Jefferson v. Milvets System Technology, Inc.,* 986 F.Supp. 6, 9 (D.D.C.1997); *Ramos Rosa v. Telemundo CATV, Inc.,* 966 F.Supp. 137, 138–40 (D.Puerto Rico 1997); *Plaut v. Estate of Rogers,* 959 F.Supp. 1302, 1309 (D.Colo. 1997). Finally, the Tenth Circuit has cited *Marshall* with approval in holding that post-judgment interest accrues with the "first document" that "meets the requirements of Rule 58." *Hull by Hull v. United States,* 971 F.2d 1499, 1509 (10th Cir.1992), *cert. denied,* 507 U.S. 1030, 113 S.Ct. 1844, 123 L.Ed.2d 469 (1993); *cf. Wilson v. Union Pacific R. Co.,* 56 F.3d at 1232–33 (Post-judgment interest under § 1961(a) calculated from date of entry of the money judgment) ("In any trial, bifurcated or not, post-judgment interest should be calculated from the date that a plaintiff's damages are meaningfully ascertained and included a final, appealable judgment." (quotation omitted)).

■ The defendant contends that the judgment entered on December 11, 1996, "shows that further proceedings were contemplated in that . . . defendant's motion for a new trial was still pending." (Dk.149, p. 2). Plainly, the judgment entered on December 11, 1996, was final, appealable, and at the direction of the court. It is true that the defendant's pending motion for a new trial "suspends the finality of the judgment." 11 Charles A. Wright, Arthur R. Miller & Mary

Kay Kane, *Federal Practice and Procedure* § 2812 at p. 141 (2d ed.1995). Even so, the judgment entered on December 11, 1996, ascertained in a meaningful way the plaintiff's damages, and post-judgment interest from that date would compensate the plaintiff "for being deprived of compensation for the loss between the ascertainment of the damage and payment by the defendant." *See Kaiser Aluminum,* 494 U.S. at 835–36, 110 S.Ct. 1570 (quotation omitted). Consistent with *Kaiser Aluminum, Marshall, In re Lower Lake Erie Iron Ore Antitrust Lit.,* and *Hull by Hull,* the plaintiff here is entitled to recover post-judgment interest calculated from the judgment entered on December 11, 1996.[2]

IT IS THEREFORE ORDERED that the plaintiff is entitled to recover post-judgment interest calculated from the judgment entered on December 11, 1996.

**2.** Though the defendant discusses in its recent memorandum the additional interest owing in the event that the court settled on the December 11, 1996, judgment date, the court will leave it to the parties to agree on those mathematical calculations.