Dennis L. **RIHA**, Appellant,

v.

**INTERNATIONAL TELEPHONE AND TELEGRAPH CORPORATION** and **Home Insurance Company**, a Corporation, Appellees.

No. 75–1845.

United States Court of Appeals, Eighth Circuit.

Submitted March 25, 1976.

Decided April 14, 1976.

Bryce Bartu, Blevens, Bartu, Blevens & Jacobs, Seward, Neb., filed brief for appellant.

J. Arthur Curtiss, Baylor, Evnen, Baylor, Curtiss & Grimit, Lincoln, Neb., filed brief for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This appeal comes to us as a sequel to our remand in *Riha v. Jasper Blackburn Corp.,* 516 F.2d 840 (8th Cir. 1975). The plaintiff-appellant, Riha, had initially obtained a judgment in the sum of $460,500, to compensate him for injuries sustained at the hands of Jasper Blackburn Corporation under a strict liability theory. We found that the damages awarded were excessive and remanded the case to the district court to correct the error. Our opinion contained the following language, which was also included in our mandate:

> We thus vacate the judgment with directions that the district court grant a remittitur in such sum as the court deems reasonable and enter a judgment in a sum which fairly and reasonably compensates the plaintiff under the principles of damage discussed herein * * *. The trial court shall award such a remittitur or in the alternative, upon the plaintiff's refusal to accept the remittitur grant a new trial on the question of damages only. [*Id.* at 845–46.]

On remand the district court entered a judgment and order that the plaintiff recover the sum of $285,000, with interest at eight percent per annum from September 24, 1975, the date of the order and judgment. The plaintiff was given the opportunity to file a declination of the judgment and obtain a new trial on the question of damages only.

Thereafter, the plaintiff moved to correct the judgment to show that it had been entered as of March 30, 1974, the date of the original judgment. Such modification would have permitted the plaintiff to recover interest on the $285,000, from the entry of the original judgment rather than from the later date of September 24, 1975.

The district court, in effect, rejected the motion but accepted the remittitur submitted by the plaintiff, "interpreting it as an acceptance of the judgment, $285,000, but retaining the right to have the issue of interest resolved judicially on appeal, if such course is desired." This appeal followed and the appellant contends that under F.R.A.P. Rule 37, he is entitled to interest from the entry of the initial judgment in this case.

F.R.A.P. Rule 37 provides:

> Unless otherwise provided by law, if a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was entered in the district court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest.

Plaintiff-appellant's authority for the recovery of interest rests on 28 U.S.C. § 1961, which reads:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court * * *. Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law.

The record discloses no failure by the district court to comply with our mandate. We expressly vacated the money judgment. A judgment vacated on appeal is of no further force and effect. *Simpson*

*v. Motorists Mut. Ins. Co.,* 494 F.2d 850 (7th Cir.), *cert. denied,* 419 U.S. 901, 95 S.Ct. 184, 42 L.Ed.2d 147 (1974). We also directed the district court to "enter a judgment" in a fair and proper amount. Section 1961 of Title 28 U.S.C. establishes the general rule that interest "shall be calculated from the date of the entry of the judgment."

■ It is true that in explaining the reason for our disposition of the case we did say that "we prefer the district court to grant the remittitur and reinstate a verdict award." 516 F.2d at 846. This language could be read as somewhat inconsistent with our mandate, but not necessarily. Rule 37 provided a simple and plain basis for plaintiff to have requested by petition for rehearing prior to the issuance of our mandate explicit "instructions with respect to the allowance of interest."

We have held that once the period for requesting rehearing has expired "our power to recall mandates should be exercised sparingly." *Lowe v. United States,* 257 F.2d 408, 409 (8th Cir. 1958); *see Greater Boston Television Corp. v. F. T. C.,* 149 U.S.App.D.C. 322, 463 F.2d 268, 276 (1971). Pursuant to our mandate the district court determined to enter a new judgment for plaintiff in the amount of $285,000. The district court's order and new judgment complied with our mandate. Plaintiff has accepted this remittitur, and rejected the alternative of a new trial. No injustice exists sufficient to lead us to recall and alter that mandate.

Accordingly, the judgment of the district court is affirmed.