**Phyllis A. ANDERSON, Plaintiff,**

v.

**CITY OF BESSEMER CITY, NORTH CAROLINA, Defendant.**

**No. C–C–81–204–M.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

June 25, 1985.

Jonathan Wallas, Ferguson, Watt, Wallas & Adkins, P.A., Charlotte, N.C., for plaintiff.

Jeffrey M. Guller, Gastonia, N.C., and Philip M. VanHoy, Charlotte, N.C., for defendant.

ORDER

McMILLAN, District Judge.

Plaintiff has filed a motion asking that the court order defendant to pay interest, pursuant to 28 U.S.C. § 1961, on that portion of the judgment entered on February 16, 1983, 557 F.Supp. 412, which represents an award for attorney fees and expenses.

Defendant opposes the application of interest to this portion of the judgment and argues that interest should not begin to run until the date that the Fourth Circuit issued a remand order to this court, 717 F.2d 149. In addition, defendant justifies its failure to pay on its having already paid sufficient amounts on the rest of the judgment.

■ The court's judgment of February 16, 1983, has been affirmed by the Supreme Court, —— U.S. ——, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985), and stands now as the final judgment in this case. Therefore, the court will not now entertain arguments by the defendant that portions of the award were excessive or that defendant should not be required to pay the full back pay amount awarded by the court.

The only legitimate issue now before the court is whether defendant shall pay interest on attorney fees and expenses as of the

date of judgment on February 16, 1983, or as of some later date.

 The court's judgment provided: That plaintiff is allowed the costs of this action, including reasonable attorneys' fees and expenses, in the amount of $16,971.59, plus interest as required by 28 U.S.C. § 1961 as amended, from this date until paid.

The court intended that interest be paid on the *entire* money judgment, including attorney fees and expenses. Interest is to be allowed on "any money judgment" pursuant to 28 U.S.C. § 1961.

Although the Fourth Circuit has not ruled on this question, other circuits, addressing the same question, have uniformly held that interest is to run from the date of the initial entry of judgment. *Perkins v. Standard Oil Company of California,* 487 F.2d 672 (9th Cir.1973); *Copper Liquor Inc. v. Adolph Coors Co.,* 701 F.2d 542 (5th Cir.1983); *R.W.T. v. Dalton,* 712 F.2d 1225 (8th Cir.1983), *cert. denied,* 464 U.S. 1009, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983); *Institutionalized Juveniles v. Sec. of Pub. Wel.,* 758 F.2d 897 (3rd Cir.1985). The cases cited by defendant do not deal with an original judgment that is affirmed, but consider the issue of interest after the district court has held a new trial or the judgment has been vacated and a new judgment has been entered. *Ashland Oil, Inc. v. Phillips Petroleum Co.,* 607 F.2d 335 (10th Cir.1979); *cert. denied* 446 U.S. 936, 100 S.Ct. 2153, 64 L.Ed.2d 788 (1980); *Hysell v. Iowa Public Serv. Co.,* 559 F.2d 468 (8th Cir.1977); *Riha v. International Tel. & Tel. Corp.,* 533 F.2d 1053 (8th Cir.1976). These cases do not apply to this case in which the original judgment stands unaltered after the full appellate process.

The court finds that in accordance with its original intention and the case law, interest should be paid on the attorney fees and expenses beginning with the date of entry of the original judgment on February 16, 1983. Common sense, as well as case law, requires this result. Defendant should not be able to hold for over two years money due to plaintiff without some payment to account for inflation and the benefit of having this money.

The court will not determine the exact amount of the interest due. If the parties are unable to agree on what should be a simple calculation, they may present their differences to the court along with their methods of calculating the interest and the sources for the interest rates used.

IT IS THEREFORE ORDERED that plaintiff's motion is GRANTED and that defendant shall pay to plaintiff interest on the award of attorney fees and expenses with the interest to accrue as of February 16, 1983. The interest rate shall be determined in accordance with 28 U.S.C. § 1961.