**Helen C. BOYD, et al., Plaintiffs,**

**v.**

**R.A. BULALA, M.D., Defendant.**

**Civ. A. No. 83–0557–A–C.**

United States District Court,
W.D. Virginia,
Charlottesville Division.

Feb. 2, 1988.

J. Randolph Parker, Charlottesville, Va., Rosemarie Annunziata, McLean, Va., William O. Snead, III, Fairfax, Va., for plaintiffs.

Phillip C. Stone, Ronald D. Hodges, Harrisonburg, Va., for defendant.

Mary Sue Terry, Atty. Gen. of Va., William L. Thurston, Gregory E. Lucyk, Asst. Attys. Gen., Richmond, Va., for intervenor.

Joanne I. Schwartz, Torts Branch, Civ. Div., U.S. Dept. of Justice; Washington, D.C., for amicus curiae.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This matter comes before the court upon defendant's motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Defendant seeks to have the judgment in this case reduced by the amount of a previous settlement reached by the plaintiffs and another tort-feasor liable for the injuries which are the basis of this action.

*Facts of the Case*

On December 22, 1982, the plaintiffs brought a medical malpractice action in the Circuit Court of Tazewell County, Virginia, against defendant Bulala and Humedicenter, Inc., alleging the same facts as in the present action. Plaintiffs then filed an amended motion for judgment which included a prayer for punitive damages against defendant Bulala. The Boyds did not pray for punitive damages against Humedicenter, Inc. Following settlement discussions, defendant Bulala was nonsuited from the case, and the plaintiffs entered into a settlement agreement with Humedicenter, Inc. Under the agreement, which was approved by the Tazewell County Circuit Court, Humedicenter, Inc., agreed to pay the plaintiffs $650,000 in exchange for a release and indemnity agreement. Pursuant to the settlement agreement, approximately one-half of the settlement proceeds were placed in trust for the three plaintiffs. Of the remainder of the $650,000, more than $280,000 was paid for attorneys' fees and expenses, while $31,150 was paid to Roger and Helen Boyd and $30,000 was paid to the general receiver for the benefit of Veronica Boyd.

Following the settlement with Humedicenter, Inc., plaintiffs filed this action against defendant Bulala. The plaintiffs included in their complaint a prayer for punitive damages. The case was tried before a seven-member jury, which returned six verdicts totaling $8,300,000 against Dr. Bulala as follows: (1) $1,850,000 in compensatory damages for Veronica Boyd; (2) $1,575,000 in compensatory damages for Helen Boyd; (3) $1,175,000 in compensatory damages for Roger Boyd; (4) $1,700,000 in compensatory damages for Helen Boyd and Roger Boyd, jointly, for Veronica's past medical costs and future medical costs until her eighteenth birthday; (5) $1,000,000 in punitive damages for Veronica Boyd; and (6) $1,000,000 in punitive damages for Helen Boyd. The court entered judgment in accordance with these verdicts, denying defendant's motion to set aside the verdicts, motion for judgment notwithstanding the verdicts, and motion to reduce the judgment to conform to Virginia Code § 8.01-581.15. The defendant now moves the court to reduce the judgment by $650,000, the amount of the settlement with Humedicenter, Inc.

*Motion to Alter or Amend the Judgment*

Section 8.01-35.1 of the Code of Virginia provides:

A. When a release or a covenant not to sue is given in good faith to one of two or more persons liable in tort for the same injury, or the same property damage or the same wrongful death:

1. It shall not discharge any of the other tort-feasors from liability for the

injury, property damage for wrongful death unless its terms so provide; but any amount recovered against the other tort-feasors or any one of them shall be reduced by any amount stipulated by the covenant or the release, or in the amount of the consideration paid for it, whichever is the greater. A release or covenant not to sue given pursuant to this section shall not be admitted into evidence in the trial of the matter but shall be considered by the court in determining the amount for which judgment shall be entered.

It is clear that § 8.01–35.1 applies to the present case, and that defendant's motion to reduce the judgment by $650,000 should be granted. The only question remaining is how to credit the $650,000 against the six verdicts returned in this case. The Code prescribes no particular method, leaving the determination in the discretion of the court.

After careful consideration of the matter, the court has concluded that the proper method in this case is to credit the $650,000 against the four compensatory verdicts in the same proportion each verdict bears to the sum of the four. The court rejects the defendant's argument that the settlement proceeds should be credited against the verdicts for punitive damages. The settlement proceeds are strictly compensatory; plaintiffs prayed for punitive damages only against defendant Bulala, not against Humedicenter. Accordingly, the court finds that it would be inappropriate to credit the settlement proceeds against the verdicts for punitive damages in this case.

Using the method outlined above, the court has allocated the overall reduction of $650,000 in compensatory damages as follows: The $1,850,000.00 award for Veronica Boyd will be reduced by $190,872.95, yielding $1,659,127.05. The $1,575,000.00 award for Helen Boyd will be reduced by $162,500.00, yielding $1,412,500.00. The $1,175,000.00 award for Roger Boyd will be reduced by $121,230.20, yielding $1,053,-769.80. The $1,700,000.00 award to Helen and Roger Boyd, jointly, will be reduced by $175,396.85, yielding $1,524,603.15.

An appropriate Order shall this day issue.