Charles VICKERS, Plaintiff–Appellant,

v.

CHILES DRILLING COMPANY, Defendant Cross–Claimant Appellee,

v.

INGERSOLL–RAND COMPANY, Defendant Cross–Claimant Appellant.

No. 88–4741.

United States Court of Appeals, Fifth Circuit.

Aug. 31, 1989.

Grove Stafford, Jr., Andrew P. Texada, Stafford, Stewart & Potter, Alexandria, La., for plaintiff-appellant.

Phillip G. Hunter, Fuhrer, Flournoy, Hunter & Morton, Alexandria, La., for Vickers.

Patrick J. Hanna, James E. Diaz, Sr., Onebane, Donohoe, Bernart, Torian, Diaz, McNamara & Abell, Lafayette, La., for defendant cross-claimant appellee.

Before GEE, GARZA and JONES, Circuit Judges.

PER CURIAM:

This appeal is the second on this case, and presents for review questions from both Charles Vickers and Ingersoll–Rand Company ("Ingersoll–Rand"). Because we find the allegations of error to be without merit, with the exception of the issue of post-judgment interest, the decision of the trial court on remand is affirmed in part and reversed and rendered in part.

Vickers, a roustabout employed by Chiles Drilling Company ("Chiles"), sued for injuries he received when he jumped off a compressor manufactured by Ingersoll–Rand. The trial court apportioned 55% liability to Chiles and 45% to Vickers, and awarded Vickers $79,841.42 in general and past damages and $197,264.10 in future damages. Chiles appealed that judgment, and this Court reversed the decision of the trial court and remanded the cause for further determination on the issue of Ingersoll–Rand's share of liability and Vickers' damages for mental pain and suffering. *Vickers v. Chiles Drilling Co.*, 822 F.2d 535 (5th Cir.1987).

Ingersoll–Rand now appeals the district court's decision on remand, arguing that the district court apportioned fault improperly and miscalculated the amount of post-judgment interest. Vickers, on the other hand, alleges that the district court erred by not increasing the pain and suffering award, and by holding him 33.3% at fault. These arguments will next be addressed.

*Failure to Warn*

This Court, in its first opinion in this case, held that Ingersoll–Rand's failure to put a warning on the compressor constituted a defect in design and made the compressor unreasonably dangerous, and remanded the case with instructions to determine Ingersoll–Rand's liability, if any. Ingersoll–Rand now complains that the district court was clearly erroneous in apportioning liability to it. Where a product is defective because it lacks adequate warnings, a presumption arises that, if there had been an adequate warning, the user would have read, understood, and heeded the instructions. *Pavlides v. Galveston Yacht Basin*, 727 F.2d 330, 340 (5th Cir. 1984). Although Ingersoll–Rand presented evidence regarding alternate methods of use of the compressor, it did not present evidence that the user would not have read, understood, or heeded the instructions, and therefore Ingersoll–Rand did not rebut the presumption. Further, the district court's apportionment of 33.3% liability to Ingersoll–Rand is not clearly erroneous, and must stand. We therefore affirm the trial court on this issue.

*Post–Judgment Interest*

The district court awarded $48,388.74 with interest from April 8, 1982 (pre-judgment interest) and $119,554.00 with interest from November 19, 1985 (post-judgment interest). Ingersoll–Rand complains that the post-judgment interest award was improper, since the prior mandate from this court did not direct that post-judgment interest run from the date of the first judgment. This point is well taken. If an appellate court reverses or modifies a judgment with a direction that a judgment be entered against a party, the mandate from the appellate court must specifically order that interest run from the date of the first judgment, else interest runs from the date of the second, modified judgment. F.R.A.P. 37; *Gele v. Wilson*, 616 F.2d 146 (5th Cir.1980); *Briggs v. Pennsylvania Railroad Co.*, 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948). Even if this is the result of inadvertence on the part of the appellate court, the appropriate procedure is to file a motion to reform the mandate under Federal Rule of Appellate Procedure 37. Since no such motion was filed, we reverse the district court insofar as it awarded post-judgment interest on Vickers' future losses, and render the judgment to grant interest on the award of $119,554.00 from September 29, 1988, the date of the second judgment in this case.

## Mental Pain and Suffering

The district court specifically found that its award of $75,000 encompassed mental pain and suffering and was sufficient to compensate Vickers in that regard. We do not find this holding overly ambiguous, and certainly not clearly erroneous, and we therefore affirm the district court's holding on this issue.

## Vickers' Comparative Negligence

The district court found Vickers 33.3% negligent for jumping off the top of the compressor onto a wet piperack. Vickers alleges that he should not have been found partially at fault, and presents several alternative interpretations of the facts of this case which he claims exonerate him from fault. However, he has not persuaded us that the interpretation of the facts credited by the district court was unreasonable or clearly erroneous. We decline to reverse the district court just because Vickers has presented a different way of viewing the case, absent a showing that the district court's findings of fact were clearly erroneous. We therefore affirm on this issue.

For the reasons above the judgment of the district court is AFFIRMED in PART and REVERSED and RENDERED in PART.