905 F.2d 764
 17 Fed.R.Serv.3d 351
 Helen C. BOYD; Roger E. Boyd; Veronica Lynn Boyd, by her
parents and next friends, Helen Boyd & Roger E.
Boyd, Plaintiffs-Appellees,
v.
R.A. BULALA, M.D., Defendant-Appellant,
Association of Trial Lawyers of America; Virginia Trial
Lawyers Association; Distressed Parents Together;
Consumer Federation of America;
Medical Society of Virginia,
Amici Curiae.
Helen C. BOYD; Roger E. Boyd; Veronica Lynn Boyd, by her
parents and next friends, Helen Boyd & Roger E.
Boyd, Plaintiffs-Appellees,
v.
COMMONWEALTH OF VIRGINIA; R.A. Bulala, M.D., Defendants-Appellants.
 Nos. 88-2055, 88-2056.
 United States Court of Appeals,
Fourth Circuit.
 Submitted March 27, 1990.
Decided June 12, 1990.
 
 Phillip C. Stone, Ronald D. Hodges, Wharton, Aldhizer & Weaver, Harrisonburg, Va., A.E. Dick Howard, Charlottesville, Va., Mary Sue Terry, Atty. Gen., Gregory E. Lucyk, Asst. Atty. Gen., Richmond, Va., for defendants-appellants.
 William O.P. Snead, III, Fairfax, Va., J. Randolph Parker, Tucker, Parker & Beskin, Charlottesville, Va., Rosemarie Annunziata, Dickstein, Shapiro & Morin, Vienna, Va., for plaintiffs-appellees.
 
 
 1
 Bill Wagner, Tampa, Fla., Jeffrey R. White, Washington, D.C., Fred D. Smith, Jr., Minor & Smith, Richmond, Va., for amici curiae The Ass'n of Trial Lawyers of America, Virginia Trial Lawyers Ass'n, Consumer Federation of America, and Distressed Parents Together.
 
 
 2
 Allen C. Goolsby, III, Patricia M. Schwarzschild, Robert Acosta-Lewis, Timothy A. Hartin, Hunton & Williams, Richmond, Va., for amicus curiae The Medical Soc. of Virginia.
 
 
 3
 J. Joseph Curran, Jr., Atty. Gen., Judson P. Garrett, Jr., Deputy Atty. Gen., Robert A. Zarnoch, Kathryn M. Rowe, Asst. Attys. Gen., Annapolis, Md., for amicus curiae State of Md.
 
 
 4
 John R. Bolton, Asst. Atty. Gen., Robert S. Greenspan, Scott R. McIntosh, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for amicus curiae U.S.
 
 
 5
 Before HALL and PHILLIPS, Circuit Judges, and WINTER,* Senior Circuit Judge.
 
 PER CURIAM:
 
 6
 This medical malpractice action returns to us after certification of several questions to the Supreme Court of Virginia. See Boyd v. Bulala, 877 F.2d 1191 (4th Cir.1989). That court recently issued an opinion answering those questions, and we are now able to decide the remaining issues in the appeal.
 
 
 7
 * The facts of the case and the course of proceedings leading to this appeal are fully set out in our earlier opinion and in the opinion of the Supreme Court of Virginia, see Bulala v. Boyd, 389 S.E.2d 670 (Va.1990), and need not be repeated here. A brief summary will suffice for present purposes.
 
 
 8
 This medical malpractice action was based on allegations of negligence by Dr. Bulala which resulted in the birth of Veronica Boyd with serious birth defects and injury to her mother, Helen Boyd, during the process of Veronica's birth. The action included claims by Veronica Boyd for her personal injuries; by Helen Boyd, for her personal injury and emotional distress; by the father, Roger Boyd, for emotional distress; and by the parents jointly for Veronica's anticipated medical expenses. Veronica and Helen Boyd's claims were for both compensatory and punitive damages.
 
 
 9
 A jury found Dr. Bulala liable on all the claims and, in separate verdicts, made the following damage awards:
 
 
 10
 (1) For Veronica Boyd
 compensatory damages $1,850,000
 punitive damages $1,000,000
(2) For Helen Boyd
 compensatory damages $1,575,000
 punitive damages $1,000,000
(3) For Roger Boyd
 (emotional distress) $1,175,000
(4) For Helen and Roger Boyd jointly
 (medical expenses) $1,700,000
 ----------
 Total Awards $8,300,000
 
 
 11
 The district court first entered judgment on the verdicts as returned, but then reduced the judgment of each plaintiff proportionately to reflect an aggregate settlement of $650,000, which they had received in a state court action against the hospital involved. See Boyd v. Bulala, 877 F.2d 1191, 1193 n. 1 (4th Cir.1989). This appeal by Dr. Bulala followed.
 
 
 12
 Dr. Bulala's principal contention on appeal was that the district court erred in holding that Virginia's then statutory "cap" of $750,000 on medical malpractice awards, Va.Code Ann. Sec. 8.01-581.15 (1984), violated both state and federal constitutional provisions and so could not be applied to limit in any way the overall recovery against him. He also challenged the district court's rulings and instructions to the jury that under Virginia law he could be found liable to the plaintiffs for the negligence of hospital nurses on a respondeat superior basis; that the father, Roger Boyd, might recover for his emotional distress in the absence of any physical injury to himself; that Veronica might recover compensatory damages for her loss of the enjoyment of life and, on the evidence adduced, for lost earning capacity; and that the evidence warranted awards of punitive damages against him. Finally, he challenged two critical procedural rulings: that Veronica's death after verdict but before judgment did not require converting her claim into one for wrongful death, and that her death in that interval did not require relief from the judgment which reflected awards on the basis of a much more extended life expectancy.
 
 
 13
 In our first opinion we decided several of these issues. Specifically, we held that Virginia's $750,000 statutory cap on medical malpractice recoveries violated neither the state nor federal constitutional provisions relied on by Bulala. And we further held that under settled Virginia law and on the evidence adduced, Bulala properly could be found liable to the plaintiffs on a respondeat superior basis; that punitive damages on both Veronica's and Helen Boyd's claims properly could be awarded; and that Roger Boyd properly could recover for his emotional distress despite the lack of any personal injury to himself. But we thought that several further questions of Virginia law whose resolution was potentially required to decide the appeal were sufficiently unsettled to warrant their certification to the Supreme Court of Virginia to provide answers for our guidance. Accordingly, we requested that court to answer the following questions:
 
 
 14
 1. Where there are two or more plaintiffs entitled to recover damages arising from the same act or acts of medical malpractice, does Sec. 8.01-581.15 apply individually to each plaintiff or overall to two or more such plaintiffs? If the statute does apply to all or any combination of plaintiffs' claims, how is it to be apportioned among them?
 
 
 15
 2. Does Sec. 8.01-581.15 apply to damages for the infliction of emotional distress arising from some act or acts of medical malpractice?
 
 
 16
 3. Does Sec. 8.01-581.15 apply to an award of punitive damages for an act or acts of medical malpractice?
 
 
 17
 4. Does Virginia law allow recovery for the loss of enjoyment of life when death results from an act or acts of medical malpractice?
 
 
 18
 5. Does Virginia law allow Veronica Boyd to recover damages for her lost earning capacity based upon the evidence presented in this case?
 
 
 19
 6. What is the effect, under Va.Code Ann. Secs. 8.01-21, 8.01-25, and 8.01-56, of Veronica Boyd's death after verdict but before judgment in this case?
 
 
 20
 See Boyd v. Bulala, 877 F.2d 1191, 1200 (4th Cir.1989).
 
 
 21
 Accepting the certification, the Supreme Court of Virginia, in a comprehensive opinion, Bulala v. Boyd, 389 S.E.2d 670 (Va.1990), answered the questions as follows (in our paraphrase):
 
 
 22
 (1), (2), and (3). The statutory cap sets a separate limit on the total damages recoverable for "any injury" to a single "patient," regardless of the number of claims and claimants and theories of recovery related to that injury. Accordingly, the cap applicable to any single patient's injury covers both compensatory and punitive damage claims of the patient and any claims by others that, by substantive law, are "derivative" of the patient's claims.
 
 
 23
 As applied to the facts found in this case, Veronica Boyd and her mother, Helen Boyd, were each "patients" of Dr. Bulala who suffered separate injuries from his negligence. On this basis, the cap applies separately as a limit upon all the damages, both compensatory and punitive, recoverable by anyone for the respective injuries of these two patients, i.e., as a $750,000 limit upon the total damages properly recoverable for Veronica Boyd's injuries, and as a $750,000 limit upon the total damages properly recoverable for Helen Boyd's injuries. Because both the claim of Roger Boyd for his emotional distress arising from Veronica's injuries and the joint claim of Roger and Helen Boyd for medical expenses attributable to those injuries are "derivative" of Veronica's claim, they are therefore subject to the cap applicable to that claim.
 
 
 24
 Where, as here, the aggregate of the damage awards subject to a separate cap exceeds the cap, reduction of the awards, in whole or part, to reach the cap level (with any consequent apportionment between claimants) should occur in the following order of reduction: first, awards based on derivative claims of others than the patient; next, punitive damage awards to the patient; last, compensatory damage awards to the patient. On this basis, because the compensatory damage awards to each of the patients, Veronica Boyd and Helen Boyd, each exceeded $750,000, all of the further awards based upon the derivative claims of Roger Boyd and of Roger and Helen Boyd jointly, and the punitive damage awards to Veronica and Helen Boyd, respectively, must be annulled in toto. The remaining compensatory awards to Veronica and Helen Boyd, respectively, must then be reduced to the $750,000 cap, less a further reduction of each by $325,000, representing one-half of the total $650,000 realized in the earlier settlement.
 
 
 25
 (4). Virginia does not recognize as a separately compensable item of damages for personal injury the "loss of enjoyment of life."
 
 
 26
 (5). On the evidence adduced in this case, Virginia law would not permit recovery by Veronica Boyd of damages for "lost earning capacity."
 
 
 27
 Consequently, the district court's submission of these to the jury as compensable items of damage in respect of Veronica Boyd's claim was erroneous.
 
 
 28
 (6). Under Virginia law, Veronica Boyd's death after verdict did not require converting her claim into one for wrongful death. Va.Code Ann. Sec. 8.01-21 directly so provides, by directing that in such cases, "judgment may be entered as if [death] had not occurred." Sections 8.01-25 and 8.01-56 are not in conflict. They deal with the situation where death occurs before verdict.
 
 II
 
 29
 The Virginia court's careful answers, which we of course fully accept, allow us now to resolve the issues reserved in our earlier opinion and fully to decide the appeal.
 
 
 30
 Resolution of the reserved issues would be flatly dictated by those answers save for one difficulty. It is that posed by the Virginia court's advice that under Virginia law, the district court erred in allowing the jury to take into account loss of enjoyment of life and lost earning capacity in assessing Veronica Boyd's compensatory damages. The problem is that we cannot know for sure whether the jury's consideration of either or both of these items could have run their compensatory award above the $750,000 cap level. At $1,850,000, that award was of course over a million dollars in excess of the cap. We would therefore have to assume that more than a million dollars, an amount more than one-half of the award, was probably attributable to these two items in order to find a new trial on damages compelled. While the importance of these items, hence the weight probably attached to them by the jury, is obvious, we are yet doubtful that they could have had such a dominant impact on the total award. Whatever uneasiness we might feel on the point, however, is dispelled by the fact that over and above the compensatory award was an untainted punitive damage award of an additional $1,000,000 which could be applied to the recovery allowable under the cap. And even if we were to speculate that a new trial which yielded a reduced compensatory award would probably yield a commensurately reduced punitive award, we think the possibility that the two in combination could fail to reach the available cap level is too remote to warrant the expense and delay of a new trial on the damages issue.
 
 
 31
 Under 28 U.S.C. Sec. 2106, we have the power and obligation, sitting in appellate review, to take whatever action is "just under the circumstances." Here, despite the existence of legal error in the jury instructions on compensatory damages as to Veronica Boyd's claim, we think the circumstances do not warrant requiring a new trial on that issue. Given the substantial margin--in the range of two million dollars--by which the combined compensatory and punitive damage awards exceed the statutory cap, we think it would not be just to withhold judgment limited to the much lower cap figure.
 
 
 32
 One further issue which we reserved pending the Virginia court's response concerned the district court's denial of Dr. Bulala's motion under Fed.R.Civ.P. 60(b)(6) to be relieved of the judgment in favor of Veronica Boyd because of her intervening death. Dr. Bulala's contention is that, if her claim was not required to be converted to one for wrongful death, her early death made it manifest that the jury award for her personal injuries, based as it necessarily was on the assumption of a much more extended life expectancy, was so substantially over-inflated as to provide the necessary "reason" under Rule 60(b)(6) for being relieved of the judgment. The district court denied that motion in an exercise of the broad discretion conferred by this residual relief provision of Rule 60(b). As we have recognized, "[t]he remedy provided by [this] Rule ... is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton Steamship Co., 608 F.2d 96, 102 (4th Cir.1979). Under all the provisions of Rule 60(b), a threshold condition for granting the relief is that the movant demonstrate that granting that relief will not in the end have been a futile gesture, by showing that she has a meritorious defense or claim. See generally 11 Wright & Miller, Federal Practice and Procedure: Civil Sec. 2857, p. 161 (1973).
 
 
 33
 Here, essentially for the same reasons that we found the granting of a new trial because of erroneous jury instructions not warranted, i.e., that a new trial on damages would not yield damages totalling less than the cap, we think the circumstance of this claimant's early death not an exceptional one warranting relief from that judgment. We therefore conclude that the district court did not abuse its discretion in denying the motion.
 
 III
 
 34
 For the foregoing reasons, we remand the action to the district court with directions to vacate its present judgment and to enter judgment in favor of Veronica Boyd in the sum of $425,000, with interest and costs, and in favor of Helen Boyd in the sum of $425,000, with interest and costs.
 
 
 35
 SO ORDERED.
 
 
 
 *
 Judge Winter participated in oral argument and submission of this case back to the panel after certification to the Supreme Court of Virginia, but died prior to the time the decision was filed. The decision is filed by a quorum of the panel. 28 U.S.C. Sec. 46(d)