Helen C. BOYD, Roger E. Boyd, and Veronica Lynn Boyd, by her parents and next friends, Helen C. Boyd and Roger E. Boyd, Plaintiffs,

v.

R.A. BULALA, M.D., Defendant.

Civ. A. No. 83–0557–A–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

Nov. 27, 1990.

J. Randolph Parker, Charlottesville, Va., RoseMarie Annunziata, Vienna, Va., William O. Snead, III, Fairfax, Va., for plaintiffs.

Ronald D. Hodges, Roy W. Ferguson, Jr., Harrisonburg, Va., Gregory E. Lucyk, Office of the Atty. Gen., Richmond, Va., Jo Anne I. Schwartz, Trial Atty., Torts Branch, Civ. Div., Dept. of Justice, Washington, D.C., for defendant.

MEMORANDUM OPINION

MICHAEL, District Judge.

I.

This case is before the court on the issue of the appropriate amount of interest which this court should award to the plaintiffs, Helen and Roger Boyd. The Boyds won their medical malpractice lawsuit against the defendant, Dr. R.A. Bulala, by a jury verdict for the amount of $8,300,000, which was returned on January 21, 1985.[1] Upon the disposition of post-trial matters, the Clerk entered judgment upon the verdict on November 5, 1986. The final disposition of the case and its dismissal were entered on February 2, 1988.[2] On appeal, the Fourth Circuit Court of Appeals ordered this court to vacate the original judgment and enter judgment for a lesser amount, so that it would comply with Va.Code Ann. § 8.01–581.15 (1984), Virginia's statute which limits a plaintiff's recovery in a medical malpractice action.[3] The appellate court's specific charge was that this court "vacate its present judgment and ... enter judgment in favor of Veronica Boyd in the sum of $425,000, with interest and costs, and in favor of Helen Boyd in the sum of $425,000, with interest and costs." Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir.1990). Accordingly, on August 9, 1990, this court vacated the original judgment and entered judgments of $425,000, with interest and costs, to both Veronica and Helen Boyd. The plaintiffs have now moved for the court to determine proper interest on the judgments. The parties have fully briefed and argued the issue, and the matter is now ripe for disposition.

1. This court and the Fourth Circuit Court of Appeals have detailed the facts of this case previously and this court will not repeat them here. See Boyd v. Bulala, 877 F.2d 1191 (4th Cir.1989); and Boyd v. Bulala, 672 F.Supp. 915 (W.D.Va.1987).

2. The court's order of February 2, 1988, reduced the original judgment pro-rata by the amount of settlement proceeds which the plaintiffs received from another defendant. Boyd v. Bulala, 678 F.Supp. 612 (W.D.Va.1988).

3. This court previously held that § 8.01–581.15 violated both state and federal constitutional provisions and thus could not limit the amount of the plaintiffs' damages award. Boyd v. Bulala, 647 F.Supp. 781, 789 (W.D.Va.1986). The Fourth Circuit reversed this holding, finding the statutory cap constitutional. Boyd v. Bulala, 877 F.2d 1191, 1193 (4th Cir.1989).

## II.

### A. Prejudgment Interest

■ The plaintiffs first contend that they are entitled to prejudgment interest. Although this court may award prejudgment interest in a diversity action, *Gill v. Rollins Protective Services, Co.*, 836 F.2d 194, 198–99 (4th Cir.1987), such interest is not appropriate here. Section 8.01–382 of the Virginia Code provides:

[T]he verdict of the jury ... may provide for interest on any principal sum awarded, or any part thereof, and fix the period at which the interest shall commence.... If a judgment or decree be rendered which does not provide for interest, the judgment or decree awarded shall bear interest from its date of entry....

The jury in this case did not award prejudgment interest. The plaintiff offered no instruction on prejudgment interest and none was given, nor was any objection to the charge made. Thus, the plaintiff is precluded from obtaining prejudgment interest.

### B. Postjudgment Interest

The question of postjudgment interest is more difficult. The plaintiffs first contend that interest should run from the date of the verdict.[4] In the alternative, the plaintiffs assert that postjudgment interest should run from November 5, 1986, the date the original judgment was entered. The defendant contends that interest must run from the date of the judgment, not the date of the verdict, and further maintains that the Fourth Circuit Mandate intends for interest to run from the date of the judgment on remand, which was August 9, 1990. Thus, three issues are readily apparent: (1) Whether interest should run from the date of the verdict; (2) Whether the Fourth Circuit's Mandate leaves this court without authority to grant interest from any date other than the date of the judgment entered on remand; and (3) Whether interest should run from the date of the

original judgment or the judgment entered on remand. The court will address each issue as appropriate.

■ The court first addresses whether interest can run from the date of the verdict, or whether it more appropriately accrues from the date of judgment. The Supreme Court of the United States recently addressed this very question in *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, —— U.S. ——, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990). The applicable statute, 28 U.S.C. § 1961(a), provides:

Interest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent ... of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment.

In *Kaiser Aluminum*, the Court interpreted 28 U.S.C. § 1961 as follows:

[Section] 1961 refer[s] specifically to the "date of judgment," which indicates a date certain. [It does not allude] to the date of the verdict and there is no legislative history that indicates congressional intent that interest run from the date of verdict rather than the date of judgment. Even though denial of interest from verdict to judgment may result in the plaintiff bearing the burden of the loss of the use of the money from verdict to judgment, the allocation of the costs accruing from litigation is a matter for the legislature, not the courts.... In light of the plain language and the absence of legislative intent to the contrary, we conclude that postjudgment interest properly runs from the date of the entry of judgment.

*Kaiser Aluminum*, —— U.S. at ——, 110 S.Ct. at 1576.

Prior to *Kaiser Aluminum*, the Courts of Appeals had been split on the issue of whether interest could run from the date of the verdict. *Id.* at ——, 110 S.Ct. at 1575.

---

4. The plaintiffs' argument is that the Clerk of Court failed to prepare, sign, and enter the judgments following the return of the verdicts as

required by Federal Rule of Civil Procedure 58. Thus, fairness dictates that they receive interest from the date of the verdict.

Those circuits which had allowed interest from the date of the verdict did so based on the equities involved. *See Poleto v. Consolidated Rail Corp.*, 826 F.2d 1270, 1280 (3rd Cir.1987); *Turner v. Japan Lines, Ltd.*, 702 F.2d 752, 756 (9th Cir.1983); *Louisiana & Arkansas Railway v. Pratt*, 142 F.2d 847, 849 (5th Cir.1944); However, in *Kaiser Aluminum*, the Supreme Court specifically rejected the proposition that courts could rely on the policy underlying § 1961(a), compensating the plaintiff "for the loss of the use of the money," to allow interest from the date of the verdict. *Kaiser Aluminum*, —— U.S. at ——, 110 S.Ct. at 1575.

Accordingly, the plaintiffs' assertion that fairness dictates this court to order judgment from the date of the verdict must fail. The Supreme Court's determination in *Kaiser Aluminum* clearly indicates that the earliest date interest could accrue is the date of entry of judgment on the jury verdicts, November 5, 1986, and not the date the jury handed down the verdicts.

The second determination for this court is whether the Fourth Circuit's mandate precludes an award of postjudgment interest from a date prior to the judgment on remand. Federal Rule of Appellate Procedure 37 provides:

> [I]f a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was entered in the district court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to the allowance of interest.

The notes accompanying the rule cite *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948), to emphasize that the district court may not exact interest from the date of the first judgment unless so ordered by the man-

date of the court of appeals. Therefore, if the appellate court mandate does not mention interest, the district court is powerless to add interest. Rule 37 and *Briggs* offer little guidance because they speak to the situation in which the appellate court was silent as to interest. In this case, the Fourth Circuit indicated that interest should be awarded.[5]

The defendant advances the following interpretation of the appellate court's opinion: The mandate was not silent with respect to interest; rather, it provided that the plaintiffs were to have interest only from the date of judgment to be entered on remand, and thus this court has no discretion to award interest from an earlier date. The court cannot adopt this assertion. The mandate does not specifically spell out the fact that the interest is to run from the date of the judgment on remand.[6]

A recent Fifth Circuit opinion, *Leroy v. City of Houston*, 906 F.2d 1068 (1990), addressed the matter of appropriate interest when the appellate court's mandate is silent as to interest. Although the facts of that case differ from the ones before this court, the Fifth Circuit made the following observation:

> "If an appellate court reverses or modifies a judgment with a direction that a judgment be entered against a party, the mandate from the appellate court must specifically order that interest run from the date of the first judgment, else interest runs from the date of the second, modified judgment."

*Id.* at 1074 (quoting *Vickers v. Chiles Drilling Co.*, 882 F.2d 158, 159 (5th Cir. 1989)). This language suggests that even if the mandate grants interest, it must specifically direct interest to run from the date of the original judgment, or interest can only run from the date of the judgment on remand. However, absent further authority for that proposition, this court does not

---

5. The Fourth Circuit's directions to this court were as follows:

    For the foregoing reasons, we remand the action to the district court with directions to vacate its present judgment and to enter judgment in favor of Veronica Boyd in the sum of

$425,000, with interest and costs, and in favor of Helen Boyd in the sum of $425,000, with interest and costs.
    *Boyd*, 905 F.2d at 769.

6. *See supra* note 5.

find the dictum in *Leroy* persuasive. Consequently, the court finds that the mandate does not specifically provide that interest should run from the date of judgment on remand, and that Rule 37, *Briggs* and *Leroy* do not prevent this court from granting interest from the date of the original judgment.

Because the Fourth Circuit's Mandate does not specify from which date the interest is to run, the court must determine whether postjudgment interest should run from the date of the first entry of judgment or the date of the judgment entered on remand. The Supreme Court discussed this issue to some extent in *Kaiser Aluminum*. The specific issue addressed by the Court was whether interest should be calculated from the date of a legally insufficient judgment, and the Court answered in the negative. The Court noted:

> "[T]he purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damages and the payment by the defendant." *Poleto v. Consolidated Rail Corp.*, 826 F.2d at 1280. Where the judgment on damages was not supported by the evidence, the damages have not been "ascertained" in any meaningful way.

*Kaiser Aluminum*, —— U.S. at ——, 110 S.Ct. at 1576. The Court thereafter cited a Tenth Circuit decision, *FDIC v. Rocket Oil Co.*, 865 F.2d 1158 (10th Cir.1989), for the proposition that when a case is completely reversed on appeal, the interest cannot run from the initial date of judgment.

The court finds that the case before it is distinguishable from *Kaiser Aluminum* in two respects. First, the Fourth Circuit did not reverse this court's opinion. It merely remanded the action with directions to vacate the original judgment and enter the smaller amount.[7] Although the appellate court used the term "vacate" in its directive, the fact that it acknowledged the lesser amount of the judgment to be correct indicates that the judgment simply needed to be reduced. But for this court's earlier refusal to reduce the judgment so that it complied with the state statutory cap on damages, the plaintiffs would have been able to collect interest on the lesser amount from the date of the original judgment. The defendant would receive a windfall were it not liable for interest on the lesser amount from the date of the first judgment.

This case is also differentiated because its original judgment was not "legally insufficient." In *Kaiser Aluminum*, the evidence did not support the jury's verdict on damages. *Kaiser Aluminum*, —— U.S. at ——, 110 S.Ct. at 1576. The Supreme Court noted that "[w]here the judgment on damages was not supported by the evidence, the damages have not been 'ascertained' in any meaningful way. It would be counterintuitive, to say the least, to believe that Congress intended postjudgment interest to be calculated from such a judgment." *Id.* at ——, 110 S.Ct. at 1576.

In this action, the court of appeals did not disturb the finding of liability, nor did it find that the evidence did not support the judgment.[8] Though the verdict was legally

---

**7.** *See supra* note 5.

**8.** The Fourth Circuit noted that under Virginia law, this court had erred in two respects by allowing the jury to consider loss of enjoyment of life and lost earning capacity in their determination of compensatory damages. *Boyd v. Bulala*, 905 F.2d 764, 768 (4th Cir.1990). Although the appellate court could not speculate whether these two factors caused the verdict to surpass the $750,000 cap, it noted that "we are ... doubtful that they could have had such a dominant impact on the total award." *Id.* Moreover, the court concluded that even though the compensatory and punitive awards yielded in a new trial might be less than the original

judgment, "we think the possibility that the two in combination could fail to reach the available cap level is too remote to warrant the expense and delay of a new trial on the damages issue." *Id.* Thus, despite the legal error in the jury instructions, "it would not be just to withhold judgment limited to the much lower cap figure." *Id.*

As the Fourth Circuit's opinion demonstrates, the evidence adduced at trial was more than sufficient to sustain that portion of the judgment which was consistent with the Virginia statute's maximum damages award. To the extent that the judgment did not surpass the statutory cap, it was "legally sufficient."

correct, the Fourth Circuit found that the award was too high given the applicable state statute.

The Supreme Court's opinion in *Kaiser Aluminum* does not indicate that interest can never run from an original judgment: It only concludes that interest cannot run from a legally insufficient judgment. Justice White, joined by three other Justices, observed that this holding in *Kaiser Aluminum* does not definitively answer the question of whether postjudgment interest must always run from the last judgment entered. White stated, "The Court's holding is necessarily limited to the facts of this case.... [T]he court [does not] state any rule applicable to various other fact patterns not before us but commonly encountered by the lower courts...." *Id.* at ——, 110 S.Ct. at 1594. The issue before this court is one of the "various other fact patterns." For these reasons, *Kaiser Aluminum* is not controlling on the specific issue before this court: Whether interest can accrue from an original judgment that

*was* "legally sufficient." Consequently, this court must look to the federal appellate courts to see how they have decided the issue.[9]

■ The relevant case law reflects the principle that when the appellate court alters the amount of the award, and not the underlying legal basis for the award, the postjudgment interest can run from the date of the original judgment.[10] Although the cases supporting this principle were all decided prior to *Kaiser Aluminum*, that Supreme Court opinion does not impliedly reverse any of them insofar as they find that postjudgment interest may appropriately accrue from original judgments which were "legally sufficient." [11]

Last year, the First Circuit Court of Appeals made this observation:

In cases where a judgment for money damages was entered, then later vacated, then eventually supplanted by a second dollar judgment (in whatever amount), the circuits are in great disarray as to

9. Unfortunately, this court has found no Fourth Circuit opinion addressing an issue similar to the one at hand. A district court in North Carolina has held that postjudgment interest runs from the date of the original entry of judgment when the original judgment was affirmed and unaltered by the appellate court. *Anderson v. City of Bessemer City, N.C.*, 619 F.Supp. 153 (W.D.N.C.1985). The court noted, however, that the result might be different if the judgment had been vacated and a new judgment was entered. Thus, this case offers little guidance.

10. Those cases in which interest could run from the date of the original judgments involved one of two situations: The appellate courts either allowed interest to accrue from the date of an earlier verdict instead of the judgment on remand, holdings on which this court does not rely because they are clearly overruled by *Kaiser Aluminum;* or cases in which the appellate court altered the judgment amount but did not find that the underlying legal basis for the judgment was in error. Examples of the courts' analysis in this latter scenario are discussed herein.

11. The Supreme Court denied certiorari to a case which raised the issue before this court in *Chattem, Inc. v. Bailey*, 486 U.S. 1059, 108 S.Ct. 2831, 100 L.Ed.2d 931 (1988). Justice White dissented from the denial, explaining that certiorari was appropriate because the appellate courts were split on the issue *Bailey* raised. He

cited cases from the Second, Seventh, Eighth and Tenth Circuits for the proposition that "[T]he phrase 'date of the entry of the judgment' in § 1961 must be read narrowly, and cannot refer to a judgment later vacated on appeal." *Id.* at 1060, 108 S.Ct. at 2832. Justice White then noted cases decided by the First, Third, Fifth, Sixth and Ninth Circuits, which all concluded "that the purposes of § 1961 are best effectuated by giving a prevailing party postjudgment interest from the date of the original judgment in his favor." *Id.* at 1060–61, 108 S.Ct. at 2832.

The issue which the Supreme Court declined to review in *Bailey* was "when an initial money judgment for a plaintiff is vacated, but later reinstated—what date should be used when calculating an award of postjudgment interest: the date of the first judgment for the plaintiff or the date of the later award?", *id.* at 1059, 108 S.Ct. at 2831. The Sixth Circuit held that interest accrued from the date of the first entry of judgement. *Bailey v. Chattem, Inc.*, 838 F.2d 149, 154 (6th Cir.1988); *See* discussion of *Bailey, infra.* The issues in *Bailey* and *Kaiser Aluminum* differ because in *Bailey*, the appellate court had determined that the evidence supported some of the damages awarded in the first judgement, *Bailey*, 838 F.2d at 154, whereas the judgment which the Supreme Court addressed in *Kaiser Aluminum* was not supported by the evidence. *Kaiser Aluminum*, —— U.S. at ——, 110 S.Ct. at 1576.

when the postjudgment interest meter clicks into the "ON" position.

*Clifford v. M/V Islander,* 882 F.2d 12, 13–14 (1st Cir.1989).[12] The issue before the First Circuit in *Clifford* was whether the plaintiff could collect postjudgment interest from the date of the original judgment when, after the appellate court had affirmed the liability determination and remanded the action for further findings as to damages, the district court entered a second judgment for damages. The First Circuit concluded that interest could accrue from the date of the original judgment. The court said:

> Once a final judgment has been entered as to liability and damages, vacation of the damage award on appeal and issuance of an order requiring further proceedings to quantify recoverable damages will not prevent accrual of postjudgment interest ... on the amount common to the earlier and later judgments from the date the original judgment was entered.

Id. at 15 (citations omitted). Because the liability judgment was legally sufficient, interest could accrue from the first judgment.

The Fifth Circuit addressed the same issue in *Brooks v. United States,* 757 F.2d 734 (5th Cir.1985). In *Brooks,* the appellate court had substantially affirmed the original judgment, but remanded the case with an order to reapportion damages. The district court changed the percentages of comparative fault and entered a new judgment, and the prevailing party thereafter asked for interest as of the date of the first judgment. The Fifth Circuit said, "[E]ven where the case is nominally reversed in part and remanded, the case is to be treated for interest purposes as though the portions of the judgment unaffected by

the reversal and remand were affirmed." *Id.* at 740. *See ACC v. Houston,* 793 F.2d 706, 710 (5th Cir.1986); *Copper Liquor, Inc. v. Adolph Coors Co.,* 701 F.2d 542, 545 (5th Cir.1983).

In *Gaefenhain v. Pabst Brewing Co.,* 870 F.2d 1198 (7th Cir.1989), the district court entered judgment on the jury verdict but subsequently granted a judgment notwithstanding the verdict. On appeal, the jury verdict was reinstated. Holding that postjudgment interest was appropriate from the date of the original judgment, the Seventh Circuit stated, " 'Unless the mandate of the appellate court alters the original judgment in more than relatively minor respects, interest should attach from the date of the pre-appeal judgment.' " *Id.* at 1211 (quoting *Reaves v. Ole Man River Towing, Inc.,* 761 F.2d 1111, 1113 (5th Cir. 1985)).

The Sixth Circuit made a similar ruling in *Bailey v. Chattem, Inc.,* 838 F.2d 149 (6th Cir.), *cert. denied* 486 U.S. 1059, 108 S.Ct. 2831, 100 L.Ed.2d 931 (1988). On appeal from the original judgment in *Bailey,* the Sixth Circuit had affirmed the liability determination but reversed the damages award in part because of insufficient instructions and remanded for a new trial on compensatory damages only. When the second judgment on damages was appealed, the court affirmed the award "with interest thereon at the rate provided by law."[13] On a third appeal, the court addressed the issue of interest, stating, "[O]ur Court's affirmance of liability, coupled with our determination that 'some damages' would be due upon retrial, makes it equitable to allow interest to accrue from the date of the first judgment upon remand." *Id.* at 154.

12. The Fifth Circuit also noted that the Supreme Court had granted certiorari in *Kaiser Aluminum* and hopefully would resolve the conflict. *Clifford,* 882 F.2d at 14 n. 1. As this court reads *Kaiser Aluminum,* however, it does not.

13. The Sixth Circuit rejected the appellee's contention that because Bailey had not moved the appellate court, pursuant to Federal Rule of Appellate Procedure 37, to amend its mandate to clarify the appropriate interest, he had not

preserved the issue for appeal. The court noted, "It is proper for the Magistrate to determine, upon affirmance, what interest was 'provided by law,' ". Bailey's posture is akin to that of the plaintiff's in this case, as the mandate herein did not specify the date on which interest began to accrue. Consequently, this court has endeavored to determine the appropriate interest to be awarded.

The Sixth Circuit noted that determining from which judgment interest should run "requires an inquiry into the nature of the initial judgment, the action of the appellate court, the subsequent events upon remand, and the relationship between the first judgment and the modified judgment." *Id.* This type of analysis is consistent with that espoused by the Tenth Circuit in *Ashland Oil, Inc. v. Phillips Petroleum Co.,* 607 F.2d 335 (10th Cir.1979), *cert. denied,* 446 U.S. 936, 100 S.Ct. 2153, 64 L.Ed.2d 788 (1980), where the court held that the determinative issue is "the extent to which the case [in which the original judgment was entered] was reversed." [14] *Id.* at 336. Focusing on the standard announced in *Ashland,* the Tenth Circuit held in a subsequent case that, when reversal "was not on any basic liability errors or errors in procedure which affected the basic issues but only on a dollar value," the postjudgment interest should commence on the initial entry of judgment by the trial court. *Northern Natural Gas Co. v. Hegler,* 818 F.2d 730 (10th Cir.1987), *cert. dismissed,* 486 U.S. 1063, 109 S.Ct. 7, 100 L.Ed.2d 937 (1988).

In *Kaiser Aluminum,* the Supreme Court cited with approval another case in which the Tenth Circuit once again relied on "the extent to which the case was reversed" as determinative of when postjudgment interest should commence. In *Federal Deposit Ins. Corp. v. Rocket Oil Co.,* 865 F.2d 1158, 1161–62 (10th Cir.1989), the court held that, when an appellate court completely reversed the district court's liability determination and substantive rights of the parties, the postjudgment interest should run from the judgment entered after remand. The Supreme Court concurred with the proposition that post-

judgment interest may not be calculated from a judgment that was completely reversed. *Kaiser Aluminum,* ── U.S. at ──, 110 S.Ct. at 1576.

The Ninth Circuit's approach is comparable to the Tenth Circuit's as well. In *Handgards, Inc. v. Ethicon, Inc.,* 743 F.2d 1282 (9th Cir.1984), *cert. denied,* 469 U.S. 1190, 105 S.Ct. 963, 83 L.Ed.2d 968 (1985), the court rejected the proposition that "postjudgment interest should apply only from the date of the second judgment whenever the first judgment is reversed and remanded." *Id.* at 1298. *See also Mt. Hood Stages, Inc. v. Greyhound Corp.,* 616 F.2d 394, 406 (9th Cir.1980) (Interest on that portion of a judgment affirmed on appeal runs from the date the judgment was originally entered in the district court.); [15] *Perkins v. Standard Oil Co.,* 487 F.2d 672, 676 (9th Cir.1973) (When the appellate court reduces the size of the judgment and a new judgment is entered after remand, "the district court's determination should be viewed as correct to the extent it was permitted to stand, and interest on a judgment thus partially affirmed should be computed from the date of its original entry.").[16]

The defendant relies on two Eighth Circuit cases, *Hysell v. Iowa Public Service Co.,* 559 F.2d 468 (8th Cir.1977); and *Riha v. International Tel. & Tel. Corp.,* 533 F.2d 1053 (8th Cir.1976), which hold that interest does not accrue on a reversed and vacated judgment. These cases, however, are consistent with the postjudgment interest holding in *Kaiser Aluminum* and are not necessarily inconsistent with those cited above.

The facts in *Riha* and *Hysell* are similar to those herein. In *Riha,* the appellate

---

**14.** In *Ashland Oil,* the court held that interest should run from the date of the judgment of the remand trial and not the first judgment as the new award of damages was based on additional facts determined on remand. *Ashland Oil, Inc. v. Phillips Petroleum Co.,* 607 F.2d 335, 336 (10th Cir.1979).

**15.** In *Mt. Hood,* the court noted that in those cases allowing interest only from the date of the entry of judgment after remand, there was no "basis for recovery of the amount on which

interest was sought until the appellate court reversed and remanded for entry of judgment." *Mt. Hood,* 616 F.2d at 407.

**16.** As an alternative ground for the holding in *Perkins,* the court stated that "[I]nterest should run from the date of the entry of the original judgment because that is the date on which the correct judgment should have been entered." *Perkins,* 487 F.2d at 676.

court had vacated and remanded the case because the damages awarded were excessive. The district court subsequently entered a lower judgment. *Riha*, 533 F.2d at 1054. Likewise, in *Hysell* the appellate court affirmed the liability issue but held that the district court's findings of fact did not support the damages judgment and thus it was legally insufficient. *Hysell*, 559 F.2d at 476. On remand, the district court followed the Eighth Circuit's directive to further explicate and itemize the damages award and made a new determination of damages based on new facts.

The defendant's argument on this point—that the original judgment has now been reversed and vacated, so that it is legally insufficient—is not technically correct because, as noted above, the judgment was not reversed. Although *Riha* and *Hysell* can be factually distinguished from the case before this court[17], the defendant herein is correct in noting that in both *Hysell* and *Riha* the appellate court had vacated the original district court judgments, and on subsequent appeals, held that the interest could not accrue on the vacated original judgments. *Hysell*, 559 F.2d at 476, *Riha*, 533 F.2d at 1054. These cases are admittedly at odds with similar cases decided in the other circuits. However, the Eighth Circuit's approach is not wholly contrary to the analysis other circuits employ in similar cases. In *Total Petroleum, Inc. v. Davis*, 822 F.2d 734 (8th Cir.1987), the court held that "When a district court's judgment ... is affirmed in whole or in part on appeal, the date of entry of the judgment under § 1961 is the date on which the initial judgment was entered in the initial trial court proceeding and not the date of affirmance on appeal or the date of judgment on remand." *Id.* at 738. Because the appellate court had reduced the judgment in *Total Petroleum* on appeal, the amount on which interest was to accrue was the reduced amount. *Id.* To the extent that the Eighth Circuit would

hold that interest accrues from the date of the original judgment on that portion of a judgment which remains unaffected after appeal, it is consistent with those cases from other circuits cited *supra*.

This court is thus left with a frustrating dilemma: the Fourth Circuit essentially affirmed that amount of damages equal to the statutory cap, yet it vacated the entire judgment. Because it did not specifically note from which date postjudgment interest was to accrue, and absent any precedent from this circuit to the contrary, this court will adopt the well-established precedent of other federal circuits.[18]

■ Following the analysis suggested by the Sixth Circuit in *Bailey*, the court has inquired "into the nature of the initial judgment, the action of the appellate court, the subsequent events upon remand, and the relationship between the first judgment and the modified judgment." *Bailey*, 838 F.2d at 154. Upon due consideration, the court finds as follows: (1) The plaintiffs were entitled to the reduced judgment from the date the original judgment was entered; (2) they have been denied the use of the money from that date forward; (3) the appellate court did not alter the liability findings of this court and further found that an award of damages equal to the state statutory cap was legally sufficient; and (4) the defendants would gain a windfall if they were not accountable for the interest which accrued from the date of the original judgment. Consequently, the court holds that interest shall accrue on the amount of the judgments, $425,000 for Veronica Boyd and $425,000 for Helen Boyd, from November 5, 1986.

An appropriate order shall this day issue.

---

17. The Eighth Circuit cases are distinguishable because in *Riha*, the original judgment was not supported by the evidence; and in *Hysell*, the district court made new findings after remand to justify the amount of damages it entered.

18. The court specifically adopts the analysis of the cases it has cited *infra* from the First, Fifth, Sixth, Seventh, Ninth, and Tenth Circuits.