Columbus **FERGUSON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 3:97–CV–33–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

March 16, 1999.

Columbus Ferguson, pro se.

Kenneth Bell, Assistant United States Attorney, Charlotte, NC, for defendant.

### *ORDER*

ROBERT D. POTTER, Senior District Judge.

**THIS MATTER** is before the Court on Petitioner's Motion for Relief from Judgment [document no. 15, filed February 16, 1999].

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 23, 1997, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Petitioner claimed that he received ineffective assistance of counsel and that the court reporter committed errors that compromised the sentencing proceedings. On March 17, 1998, the Court denied and dismissed Petitioner's motion because it failed to set forth any grounds upon which the Court could have granted him relief. *Ferguson v. United States,* No. 3:97–CV–33–P, slip op. at 9 (W.D.N.C. Mar. 17, 1998). The Court further observed that "Petitioner has filed a frivolous Petition for the sole purpose of harassment." *Id.* at 8. Almost one year later, Petitioner filed the instant motion, asking the Court to set aside its judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

### II. DISCUSSION AND ANALYSIS

■ A Rule 60(b) motion requesting relief on grounds of mistake, inadvertence, or excusable neglect "shall be made within a reasonable time, and ... not more than one year." Fed.R.Civ.P. 60(b). The "rationale underlying the use of Rule 60(b) is to permit the district court to correct an erroneous judgment and thereby avoid the necessity of an appeal." *Freschi v. Grand Coal Venture,*

103 F.R.D. 606, 608 (S.D.N.Y.1984) (citing *Schildhaus v. Moe,* 335 F.2d 529, 531 (2d Cir.1964); *Fackelman v. Bell,* 564 F.2d 734 (5th Cir.1977)). Thus, a reasonable time for filing a Rule 60(b) motion should not exceed that allowed for an appeal. *In re Texlon Corp.,* 596 F.2d 1092, 1100 (2d Cir.1979).

■ Although Petitioner's motion for relief was filed within one year from the entry of judgment, it was not filed within the time to file a notice of appeal, which, in this case, is sixty days. Fed.R.App.P. 4(a)(1)(B). As such, Petitioner failed to request relief within what the Court considers to be a reasonable time.

■ Furthermore, Rule 60(b) provides for extraordinary relief and is only to be invoked upon a showing of exceptional circumstances. *Boyd v. Bulala,* 905 F.2d 764, 769 (4th Cir.1990). As a threshold condition to any relief under the Rule, Petitioner must assume the burden of showing a meritorious defense or claim. *Compton v. Alton Steamship Co.,* 608 F.2d 96, 102 (4th Cir.1979) (citations omitted). Here, the Court entered judgment against Petitioner because his § 2255 motion failed to set forth any grounds upon which the Court could have granted him relief. In his motion under Rule 60(b), Petitioner has not demonstrated any errors in this ruling. Petitioner merely seeks to reargue his previously rejected position. Thus, in addition to the unreasonably late filing of the instant motion, Petitioner has not satisfied the threshold condition for relief.

**NOW, THEREFORE, IT IS ORDERED** that Petitioner's Motion for Relief from Judgment [document no. 15] be, and hereby is, **DENIED.**

The Clerk is directed to certify copies of this Order to Petitioner and to the United States Attorney for the Western District of North Carolina.