**McDEVITT & STREET COMPANY, Plaintiff,**

v.

**MARRIOTT CORPORATION, Defendant.**

**Civ. A. No. 88–0102–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Jan. 17, 1991.

Russel L. Beers and Edward G. Gallagher, Whiteford, Taylor & Preston, Washington, D.C., for plaintiff.

Andrew D. Ness, Morgan, Lewis & Bockius, Washington, D.C., for defendant.

## ORDER

ELLIS, District Judge.

This matter is before the Court on remand from the Fourth Circuit Court of Appeals for recalculation of two aspects of damages: 1) the damages attributable to a particular 19–day construction delay, and 2)

defendant's lost-interest award. For the reasons stated below, the Court concludes that plaintiff is entitled to a revised total principal judgment of $183,386.98.

## Background

The facts of this case are set forth in detail in *McDevitt & Street Co. v. Marriott Corp.*, 713 F.Supp. 906 (E.D.Va.1989), and need not be fully recounted here. In brief, McDevitt & Street Co. ("McDevitt") contracted with Marriott Corporation ("Marriott") to construct a hotel in Herndon, Virginia. The adjusted contract price was $4,946,668. The contract called for completion by December 21, 1986, but the hotel was not substantially completed until May 1, 1987. Citing losses incurred from this delay, Marriott withheld $424,998 from the contract price, asserting that the delay was McDevitt's fault. McDevitt sued for the amounts withheld, and Marriott counterclaimed for damages arising from the delay.

After a bench trial, the Court made findings of fact on each facet of the delay and accordingly determined the liabilities of the parties. The Court essentially concluded that McDevitt was responsible for the 132-day delay and consequently offset the retained portion of the contract price by various delay-related costs and losses incurred by Marriott. The Court found that the total amount due McDevitt was $514,986.68 and that McDevitt's breaches of the contract rendered it liable to Marriott for $416,823.00. As a result, the court awarded judgment to McDevitt in the amount of $98,163.68. *See McDevitt & Street Co.*, 713 F.Supp. 906 *passim.*

On appeal, the Fourth Circuit affirmed this Court's decision in all but two respects. *McDevitt & Street Co. v. Marriott Corp.*, No. 89–2099, 2111, slip op. (4th Cir. August 17, 1990) [911 F.2d 723 (table) ]. First, the Fourth Circuit concluded that this Court erred in holding McDevitt liable for the 19–day delay involving the question of what type of foundation to use in Building D. Consequently, the Fourth Circuit directed that McDevitt be absolved of respon-

sibility for this 19–day delay. Second, the Fourth Circuit held that this Court "should have offset the lost-interest award to Marriott by the interest earned on amounts retained by Marriott due to the delay." *Id.* at 5. Absent this offset, Marriott would be in a better position than it would have been in had the breach of contract not occurred. The Fourth Circuit therefore directed this Court to recompute the lost interest on the sale price of the hotel ($7,745,000) to allow McDevitt a credit for the interest earned on the retainage.

Following the remand, this Court entered an order directing the parties to attempt to settle the remanded issues or, failing settlement, to submit memoranda on specified questions regarding these issues. *McDevitt & Street Co. v. Marriott Corp.*, CA No. 88–0102–A, Order dated September 20, 1990. No overall settlement was achieved. The parties have filed their memoranda, and the remanded issues are now ripe for disposition.

## Analysis

### I. 19–Day Delay

McDevitt has calculated that the 19–day credit involving Building D reduces Marriott's counterclaim damages to $343,-145.38. Marriott agrees with this recalculation and stipulates to the $343,145.38 figure. Consequently, the sole issue remaining for resolution is the credit for interest on retained amounts.

### II. Interest on Retainage

■ The Fourth Circuit directed that Marriott's lost-interest award be offset by the interest earned on "amounts retained" by Marriott. Slip op. at 8. McDevitt argues that the "amounts retained" should not be limited to funds that were due to McDevitt under the construction contract. Instead, McDevitt contends that the "amounts retained" should also include various Marriott expenses that were postponed. In support, McDevitt notes that the sale price of $7,745,000 for the completed project was allocated by the Purchase Agreement across three categories—(i) Building, (ii) Furniture, Fixtures & Equip-

ment and Fixed Asset Supplies, and (iii) Working Capital. The retained amounts under the contract formed only part of the Building category. According to McDevitt, Marriott must also have postponed expenditures under the other categories and thereby earned interest on the amounts involved in these postponed expenditures. From this, McDevitt argues that if the interest credit is limited to the contract retainage, Marriott would still be in a better position than if the project had been completed on time by virtue of its interest earned on the non-contract amounts.

This argument is unpersuasive. To begin with, it conflicts with the Fourth Circuit's direction that "McDevitt should be given credit ... for the interest earned by Marriott on the *contract amounts* retained due to the delay." Slip op. at 8 (emphasis added). *See also id.* ("On remand, the lost interest figure should be recomputed to allow for the retainage during the delay"). The meaning of "amounts retained" and "retainage" is unmistakable; both terms refer to the $424,998 retained by Marriott under the building contract with McDevitt. Any other construction of these terms is contrived and unsupported. Second, there is no persuasive record evidence that Marriott postponed any non-contract expenditures *because of* McDevitt's performance delay. McDevitt concedes as much when it states that "[t]o the extent these expenditures were postponed by the construction delay they should be included in the computation of the interest credit." Plaintiff's Memorandum on Remand at 3. *See also id.* at 6 ("The interest credit due to postponed expenditures for FF & E and Fixed Asset Supplies depends on how Marriott's expenditures for these items were affected by the delay"). Moreover, even if the postponement of some of Marriott's

non-contract expenditures was in some sense causally related to McDevitt's delay, there is no persuasive evidence in the record indicating when these payments would have been made. The interest credit is therefore properly limited to the interest earned by Marriott on the contract retainage of $424,998.

■ McDevitt also argues, Memorandum on Remand at 5, that because Marriott withheld the $424,998 retainage through the date of this Court's initial judgment, the interest earned by Marriott on this amount during the entire period, rather than just the 113–day delay, should be included in the compulsory interest credit. This claim is also unpersuasive. To begin with, the Fourth Circuit directed to the contrary, stating "[o]n remand, the lost interest figure should be recomputed to allow for the retainage *during the delay.*" Slip. op. at 8 (emphasis added). Second, any interest earned by Marriott after the end of the delay period is not causally related to McDevitt's breach, but rather to the litigation process, which is inherently time-consuming. Accounting for this additional delay is the function of pre-judgment interest. To accept McDevitt's argument would effectively make pre-judgment interest mandatory in all contract cases. Such a rule is not the law; the decision to award pre-judgment interest is a discretionary one for the trial judge, who should weigh the equities of the particular case. *See* Va. Code § 8.01–382; *Dole v. Shenandoah Baptist Church,* 899 F.2d 1389, 1401 (4th Cir.1990); *Hewitt v. Hutter,* 432 F.Supp. 795 (W.D.Va.1977), *aff'd,* 574 F.2d 182 (4th Cir.1978).[1] Here, the Court determined that prejudgment interest was not warranted because McDevitt, the party claiming the interest, was the principal wrongdoer. *See* 713 F.Supp. at 937. This aspect of the

---

1. Even if the Court accepted McDevitt's claim that principles of contract damages require that McDevitt receive interest on the amount of funds retained by Marriott up to the date of judgment, McDevitt would not receive interest on $424,988. Had the breach not occurred, McDevitt would have received the $424,988 in a timely fashion, but Marriott also would not have suffered its counterclaim damages. Even accepting McDevitt's argument, therefore,

McDevitt should receive only interest up to judgment on the amount retained by Marriott and found to be owed to McDevitt—$171,841.30, the difference between the amount owed McDevitt and Marriott's counterclaim damages adjusted to absolve McDevitt of the 19–day delay—not the full $424,988. Again, the interest on $171,-841.30 is nothing other than the pre-judgment interest already sought by McDevitt and denied by the Court.

Court's ruling was neither raised nor disturbed on appeal. McDevitt is therefore entitled to a credit of $11,545.68, computed as $424,998 * 8.775% * 113/365 = $11,545.68.

### III. Post–Judgment Interest

■ McDevitt seeks post-judgment interest pursuant to 28 U.S.C. § 1961, which provides for interest "on any money judgment in a civil case recovered in a district court" at a rate corresponding to the auction price of certain United States Treasury bills. By its terms, this statute is plainly applicable here. Marriott does not contest the award of post-judgment interest under the statute. But a question remains concerning whether interest on the increase in the judgment resulting from this remand should run from the date of the original judgment or from the date of the revised judgment.

McDevitt suggests that 28 U.S.C. § 1961 requires the payment of interest on the amount of the revised judgment from May 2, 1989, the date of the original judgment. The case law, however, suggests that when an award of damages is increased on appeal, interest from the date of the original judgment should accrue only with respect to the amount of the original award; interest on the increase in the award accrues from the date of the revised judgment. *See Clifford v. M/V Islander*, 882 F.2d 12, 15 (1st Cir.1989) (after entry of final judgment as to liability and damages, decision to vacate damage award on appeal and issuance of order requiring further proceedings to quantify recoverable damages did not prevent accrual of post-judgment interest at federal statutory rate on amount common to earlier and later judgments from date that original judgment was entered); *Bailey v. Chattem, Inc.*, 838 F.2d 149, 154–55 (6th Cir.1988) (when measure of damages found by second, properly instructed jury following remand after an initial judgment includes within it a lesser amount of damages which was also found by jury in first trial, interest on the lesser amount will run from date of the first judgment), *cert. denied*, 486 U.S. 1059, 108 S.Ct. 2831, 100 L.Ed.2d 931 (1988); *cf. United States v. Michael Schiavone &*

*Sons, Inc.*, 450 F.2d 875 (1st Cir.1971) (subsequent action by appellate court in reducing judgment does not prevent interest from attaching upon reduced amount from date of original judgment); *Handgards, Inc. v. Ethicon, Inc.*, 552 F.Supp. 820, 821–22 (N.D.Cal.1982) (interest on that part of a judgment affirmed on appeal should be computed from date of judgment's initial entry), *aff'd*, 743 F.2d 1282 (9th Cir.1984), *cert. denied*, 469 U.S. 1190, 105 S.Ct. 963, 83 L.Ed.2d 968 (1985); *see generally Kaiser Aluminum & Chemical Corp. v. Bonjorno*, —— U.S. ——, 110 S.Ct. 1570, 1576, 108 L.Ed.2d 842 (1990) (post-judgment interest should be calculated from a judgment that fixes damages in a meaningful way). Consequently, McDevitt is entitled, until paid the judgment amount by Marriott, to (i) interest from May 2, 1989, at the federal rate then prevailing, on the original $98,163.68 judgment, and (ii) interest from the date of this judgment, at the current federal rate, on $85,223.30, the difference between the revised judgment and the original judgment.

### Conclusion

The total amount due McDevitt was $514,986.68. Marriott's counterclaim damages, revised to absolve McDevitt of the 19–day delay, amount to $343,145.38. In addition, McDevitt is entitled to an interest credit against Marriott's damages in the amount of $11,545.68. Marriott's revised counterclaim damages thus total $331,599.70. Offsetting McDevitt's and Marriott's respective awards yields a total revised principal judgment for McDevitt of $183,386.98.