948 F.2d 1281
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
McDEVITT AND STREET COMPANY, Plaintiff-Appellant,
v.
MARRIOTT CORPORATION, Defendant-Appellee.
 No. 91-2067.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 4, 1991.
Decided Nov. 22, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CA-88-102-A)
 Edward Graham Gallagher, Whiteford, Taylor & Preston, Washington, D.C., for appellant.
 Andrew David Ness, Morgan, Lewis & Bockius, Washington, D.C., for appellee.
 E.D.Va., 754 F.Supp. 513.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before WIDENER and K.K. HALL, Circuit Judges, and SAMUEL GRAYSON WILSON, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 McDevitt and Street Company ("McDevitt") appeals the order offsetting damages to Marriott Corporation for McDevitt's construction delays by interest earned by Marriott on contract monies retained because of such delays. McDevitt also appeals the district court's refusal to order post-judgment interest on the entire award from the date of the initial judgment in this case. Finding error with regard to the latter issue only, we affirm in part and reverse in part.
 
 I.
 
 2
 This case is a breach of contract action brought by McDevitt against Marriott for the unpaid portion of a construction contract; Marriott counterclaimed for damages arising out of delays in the construction of a Marriott hotel. A prior appeal was decided by this court in an unpublished opinion. McDevitt and Street Company v. Marriott Corp., No. 89-2099 (4th Cir.Aug. 17, 1990) (per curiam). In Part III of that opinion, we held that McDevitt should be held responsible for various damages incurred by Marriott as a result of a 113-day delay in the hotel's completion. In light of the district court's finding that McDevitt was responsible for a delay of 132 days, we remanded for a recalculation of damages.
 
 
 3
 Marriott had contracted to sell the hotel to a third party upon completion, and one component of Marriott's delay-related damages is the interest lost because the sale of the hotel was delayed. Marriott successfully argued that it should receive interest on the sales price for the period of delay, and this amount was included in the eventual award on its counterclaim. McDevitt, however, was unsuccessful in its argument to the district court that Marriott's loss-of-interest damages should be offset by the interest Marriott earned because of its delays in paying McDevitt under the construction contract. On the first appeal, we ruled for McDevitt on this point and held that "the lower court should have offset the lost-interest [on the sales price] award to Marriott by the interest earned on amounts retained by Marriott due to the delay."
 
 
 4
 On remand, McDevitt contended that the term "amounts retained by Marriott due to the delay" applied not simply to the final contract payment withheld by Marriott, but, rather, to all of the contract payments that were delayed by periods roughly correlating to the construction delays. As the project was delayed, Marriott was able to retain contract payments for longer periods and, therefore, was able to draw interest on money it would otherwise have had to pay sooner had no delay occurred. The district court interpreted our opinion to apply the offset to only the final "retained" payment. We affirm this portion of the judgment on the reasoning set forth by the district court. McDevitt and Street Co. v. Marriott Corp., No. CA-88-102-A (E.D.Va. Jan. 22, 1991).
 
 II.
 
 5
 The district court's first judgment order was entered on May 2, 1989. The net effect of the judgment was an award to McDevitt of $98,163.68. On remand, the recalculations necessitated by (1) the decrease in the amount of delay attributable to McDevitt, and (2) the offset based on the interest earned by Marriott on the "contract amounts retained," yielded a net increase in the award to McDevitt of $85,223.30. The district court bifurcated the allocation of postjudgment interest by ordering interest on the first judgment ($98,163.68) to run from the date of that judgment, and interest on the additional amount ordered after remand ($85,223.30) to run from the date of the post-remand judgment.
 
 
 6
 Post-judgment interest is mandatory. 28 U.S.C. § 1961(a). McDevitt contends that the district court erred in failing to order postjudgment interest on the entire net award from the date of the first judgment. We agree.
 
 
 7
 The statute requires that interest be awarded "from the date of entry of the judgment." As the Supreme Court recently made clear, interest does not accrue from a judgment in which "damages have not been 'ascertained' in any meaningful way." Kaiser Aluminum & Chemical Corp. v. Bonjorno, 494 U.S. 827, 110 S.Ct. 1570, 1576 (1990). Bonjorno involved an initial judgment that was overturned on appeal for insufficient evidence. However, "[w]here an original judgment is upheld for the most part but modified on remand, post-judgment interest should accrue from the date of the first judgment." Cordero v. De Jesus-Mendez, 922 F.2d 11, 17 (1st Cir.1990). The inquiry should be "the extent to which the case was reversed." Ashland Oil, Inc. v. Phillips Petroleum Co., 607 F.2d 335, 336 (10th Cir.1979), cert. denied, 446 U.S. 936 (1980); see Boyd v. Bulala, 751 F.Supp. 476, 479-84 (W.D.Va.1990) (adopting the view that post-judgment interest may run from the date of an initial judgment which is modified on appeal). Under this standard, the date of the first judgment is the single operative date. The remand was merely for arithmetic recalculations made necessary by a relatively minor factual error and for an offset against the award to Marriott. The first judgment remained intact for the most part, and no further evidence was necessary on remand.
 
 III.
 
 8
 We affirm the judgment of the district court with regard to the offset against the award to Marriott. We remand with directions to award post-judgment interest on the entire net award to McDevitt from May 2, 1989.
 
 
 9
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.